### ANDERSON v. TOMKINS.

(*Supreme Court, Special Term, New York County.* September 30, 1889.)

ATTACHMENT—DEPOSIT IN LIEU OF BAIL—ACTION AGAINST CLERK.

    Code Civil Proc. N. Y. § 677, which provides that plaintiff in attachment may, by leave of court, bring any action in the name of himself and the sheriff that the sheriff might bring to recover property attached or its value or on an undertaking, does not authorize plaintiff to bring such action against the clerk to recover money deposited by defendant in lieu of bail.

Action by Byron W. Anderson against George Tomkins for broker's commissions. Plaintiff moves for leave to sue the clerk for money deposited by defendant in lieu of bail. Code Civil Proc. N. Y. § 677, provides that plaintiff in attachment, "by leave of the court, * * * may bring and maintain in the name of himself and the sheriff jointly, by his own attorney, and at his own expense, any action which, by the provisions of this title, may be brought by the sheriff to recover property attached or the value thereof, or a demand attached, or upon an undertaking given as prescribed in that title, by a person other than the plaintiff."

*Henry Pressprich*, for plaintiff.   *Wilcox & Goodwin*, for defendant.

BARRETT, J.   The provisions of sections 677 and 678 of the Code of Civil Procedure are not applicable to money deposited in court in lieu of bail, and the court cannot permit an action against its clerk for obedience of its lawful orders.   The money so deposited came within the provisions of another system, namely, those with regard to arrest and bail.   The attachment creditor might ask to be heard before the money so deposited is ordered to be paid over to the third person, under section 586.   He must also ask for directions or instructions to the clerk, but the matter cannot be impleaded in an ordinary action, and subjected to damages and costs for simply doing his duty under judicial order.   This is an attempt on the plaintiff's part to sue the court through its officer.   The money is in court, and can be withdrawn by the order or direction of the court.   The application must therefore be denied.