## McSHANE *v.* PINKHAM.

*(City Court of New York, Special Term.* June, 1892.)

EXECUTION—PROPERTY SUBJECT—CASH DEPOSITED IN LIEU OF BAIL.

> Though cash deposited by a third person, under Code Crim. Proc. § 586, in lieu of bail for a defendant in a criminal action, becomes, under section 589, so providing, the property of such defendant to such an extent that it is liable for the fine and costs adjudged against him, it is not subject to levy of execution on a judgment against him in a civil action entirely disconnected from the criminal action and its subject-matter. *Eagan v. Stevens*, 39 Hun, 311, and *Gilbert v. Laidlaw*, 7 N. E. Rep. 910, 102 N. Y. 588, distinguished.

Action by William McShane against Charles H. Pinkham. Plaintiff, having recovered a judgment, and execution thereon having been returned unsatisfied, moved for an order directing the city chamberlain of New York to pay a sufficient amount to satisfy the execution out of money which was deposited for defendant in lieu of bail in a criminal action. Motion denied.

*Goodhart & Phillips*, for plaintiff. *Platt & Bowers*, for the chamberlain. *Taylor, Thompson & Kaufman*, for the banks.

VAN WYCK, J. The plaintiff recovered judgment against defendant for $791 in January last, and issued execution, which was returned wholly un-

satisfied, whereupon he obtained a third party order against the city chamberlain of New York, and the examination had thereunder disclosed that "on May 9, 1892, there was paid to the chamberlain, in cash, in the case of *The People* against *Charles H. Pinkham,* the sum of $6,500, in lieu of bail bond for said defendant, pursuant to an order of the general sessions, made by Recorder SMYTH, and dated May 9, 1892," and that the same is still so held by him. Upon the evidence, and this evidence alone, plaintiff, the judgment creditor, now moves, under section 2446 of the Code, for an order directing the chamberlain to pay out of the money so held by him such amount as will satisfy the execution. The recorder's order of May 9th provides that Charles H. Pinkham be admitted to bail in the sum of $6,500, with surety in like amount, or, instead thereof, he may deposit said sum of money with the city chamberlain; and Pinkham, on the same day, in a written stipulation which recited that, "having this day caused to be deposited the sum of $6,500," agreed to abide the above order, etc. The deputy chamberlain deposes that the said $6,500 was paid into his office by the Fourth National Bank and the Central National Bank in lieu of a bail bond for that amount to secure the appearance of said Pinkham. It appears that at the time of the deposit the chamberlain executed and delivered to these two banks acknowledgments, of which the following is a copy:

"CHAMBERLAIN'S OFFICE, NEW YORK, May 9, 1892.

"*The People, etc.,* v. *Charles H. Pinkham.*

"Whereas, heretofore, and on the 9th day of May, 1892, an order was made by Recorder SMYTH admitting the above-named defendant to bail, on giving an undertaking in the sum of $6,500 on an indictment for grand larceny, this is to certify that the Fourth National Bank, for the defendant above named, has deposited with the chamberlain of the city of New York this day the amount of $5,000 on account of the sum mentioned in said order, as security for said defendant's appearance, pursuant to such order, instead of said undertaking of bail, pursuant to section 586 of the Code of Criminal Procedure."

The other bank received a similar receipt. And the defendant Pinkham deposes that he has not, nor has he ever had, any interest in such money, but that the same was so deposited by these two banks.

The contention of plaintiff's counsel is that, irrespective of this proof, this $6,500 became the property of the defendant the moment it was so deposited, and relies upon two causes, which he cites, and upon the language of the sections of the Code of Criminal Procedure, which provide for such deposits in money in lieu of the bail bond, namely, sections 586, 592, Code Crim. Proc. The case of *Eagan* v. *Stevens,* 39 Hun, 311, really has no bearing upon the subject, for there the recorder of Cohoes, before whom a person was brought upon a criminal charge, admitted him to bail in $200, and instead of giving the requisite bail, he deposited with the recorder $200 in cash in lieu thereof. This deposit was not made with the county treasurer, as provided in section 586, Code Crim. Proc., and hence the court held that "the recorder, in accepting the deposit of money instead of taking bail, acted officially, or attempted to so act, without authority of law; hence his action was void in law, and the money remained the property of McClellan, the depositor, in his hands." And this ruling was under the express provision of a statute which provides that "no sheriff or other officer shall take any bond, obligation, or security by color of his office in any other case or manner than such as are provided by law, and any such bond, obligation, or security taken otherwise than as herein directed shall be void." 3 Rev. St. (7th Ed.) p. 2374, § 59. The recorder of Cohoes was not authorized to take the deposit, but only the county treasurer. The other authority cited by plaintiff is *Gilbert* v. *Laidlaw,* 102 N. Y. 588, 7 N. E. Rep. 910. In that case the deposit was made by a third party, the plaintiff therein, to whom the chamberlain executed and

delivered an acknowledgment or receipt exactly similar to those given to the two banks in the case at bar. This deposit was made by Gilbert, the plaintiff, in lieu of a bail bond of $300 for the appearance of one Nye, who a few days thereafter was tried, convicted, and sentenced to pay a fine of $250, and the fine was ordered to be paid from the money so deposited. Then Gilbert applied for alternative *mandamus*, addressed to City Chamberlain Laidlaw, commanding him to return him the $300, or show cause; but the trial judge decided that he was not entitled to the writ of *mandamus*, and gave judgment against him for costs. Upon appeal, the general term reversed this judgment, and it, in turn, was reversed by the court of appeals, which merely held that the deposit was, for the purposes of the criminal action, to be considered as the money of the defendant, and, although it was in fact furnished by a third person, it might be applied in payment of any fine imposed upon the defendant in the criminal action. This case goes no further than so ruling, and such ruling was justified by the express language of section 589 of the Code of Criminal Procedure, which is one of the several sections applicable to bail and money deposits in lieu thereof in criminal actions, and reads as follows: "That when money has been deposited, if it remain on deposit and unforfeited at the time of a judgment for the payment of a fine, the county treasurer must, under direction of the court, apply the money in satisfaction thereof." These conditions then existed in that case, for the defendant in the criminal action had been convicted, and a judgment for the payment out of such deposit of a fine of $250 had been awarded against him, and the money still remained on deposit with the county treasurer, the city chamberlain of New York. But that case does not hold, nor has any authority been cited or found which holds, that cash so deposited by a third person in lieu of bail for a defendant in a criminal action becomes the property of such defendant for the purpose of paying and satisfying his obligations in civil actions entirely disconnected from the criminal action and the subject-matter thereof. The establishing of such a rule of liability in reference to these deposits of cash by third persons in lieu of bail for accused persons should not be sanctioned, except by express provision of statute, and no such statute law has been brought to the attention of the court, either from investigation or by reference of counsel. This motion to direct the city chamberlain to pay over to the sheriff part of the money so deposited with him is denied, with $10 costs, but as counsel for the two banks, the defendant, the city chamberlain, and the plaintiff each requested that a stay be granted in case of an adverse decision, such stay will be granted, provided an appeal is duly taken and argued at the September general term.