VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment and order affirmed, with costs to the respondents.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARLOS E. RICH, Principal, Impleaded with AARON A. FISHEL, Surety, Appellant.

*Order forfeiting a recognizance — when it is the act of the magistrate signing it although in the form and bearing the caption of an order of the court — power of the General Sessions of the Peace to forfeit a recognizance.*

An order forfeiting a recognizance, the caption and certain words of which indicate that it is an order of the "Court of General Sessions of the Peace holden in and for the city and the county of New York," but which was not entered as an order, and did not become a part of the records of that court and was signed with the name of the magistrate as "judge of the Court of General

Sessions" considered, when taken in its entirety, to be the act of the magistrate signing it and to be within his powers.

*Semble,* that the Court of General Sessions of the Peace in and for the city and county of New York has power to forfeit a recognizance taken by one of its judges as a magistrate.

APPEAL by Aaron A. Fishel, surety, from an order of the Court of General Sessions of the Peace in and for the city and county of New York, entered in the office of the clerk of said court on the 24th day of May, 1898, denying his motion for an order vacating the forfeiture of the recognizance given by Carlos E. Rich, as principal, and by the said Aaron A. Fishel, as surety.

The order forfeiting the recognizance is as follows:

" At a Court of General Sessions of the Peace, holden in and for the City and County of New York, at the City Hall of the said city, on Thursday, the 3d day of January, in the year of our Lord one thousand eight hundred and ninety-four.

"*Present* — The Honorable RANDOLPH B. MARTINE, *Justice*
   *Judge of said Court of the City of*   *of the*
    *New York.*         *Sessions.*

| "THE PEOPLE OF THE STATE OF NEW YORK *against* CARLOS E. RICH. | On Complaint for Arson. |
|---|---|

" The defendant not appearing, and Aaron A. Fishel, his surety, not bringing him forth to answer to this charge, pursuant to the condition of their recognizance, on motion of the district attorney,

" It is ordered by the court that the said recognizance be and the same is hereby forfeited. And it is further ordered that the said recognizance, together with this certificate of forfeiture, be filed in the office of the clerk of the city and county of New York, and that judgment be entered thereon, according to law, against the said Carlos E. Rich, the defendant above named, and the said Aaron A. Fishel, his surety, for the several sums set forth in said recognizance.

       "RANDOLPH B. MARTINE,
       " *Judge of the Court of General Sessions.*"

First Department, December Term, 1898.          [Vol. 36.

*Edward W. S. Johnston,* for the appellant.

*Charles E. Le Barbier,* for the respondent.

Order affirmed on the opinion of the recorder in the court below.

Present — Van Brunt, P. J., Rumsey, Patterson, O'Brien and Ingraham, JJ.

The following is the opinion of the recorder in the court below : John W. Goff, Recorder :

The petitioner proceeds on an erroneous theory when he contends that the Court of General Sessions had no jurisdiction to forfeit the recognizance taken by one of its judges as a magistrate. A careful examination of the certificate shows that it was not the order of the court but the certificate of Judge Martine. While the caption and some words in the body of the instrument support the contention, yet the essential element of an order of court is lacking ; it was not entered as an order, nor did it become part of the court's records, and the certificate taken in its entirety shows that it was intended as the act of Judge Martine, in his capacity as a magistrate, and not as an order of the Court of General Sessions. As to his power to make such certificate I have no doubt. On the merits there is no doubt but the petitioner has met with great hardships, and were it proper he should be relieved ; but it must be borne in mind that he took the principal from the custody of the People and assumed control of him. Had he not done so the People would have had the body of the principal ; but the petitioner, by taking him away, afforded him an opportunity to escape, which he took advantage of. To take a person accused of crime from the custody of the People, give him an opportunity to escape, and after some years of freedom to die in a foreign country, and then, after having paid the amount of the bond, petition for its return, is not, in my opinion, a proper case for the exercise of discretion. The case of *People* v. *Wissig* (7 Daly, 23), differs from this case on the facts. Motion denied.