.(75 App. Div. 455.)

### FINELITE v. SONBERG et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DEPOSITS IN LIEU OF BAIL—PRESUMPTION OF OWNERSHIP
    . The presumption that money deposited in lieu of bail belongs to the party for whose appearance it is held as security is not controlling, when the evidence is uncontradicted that it was deposited by a third person, to whom the sheriff gave a receipt.

2. SAME—DECLARATION OF DEFENDANT
    Declarations of a judgment debtor that money deposited by a third party in lieu of bail for him, when arrested in a civil action, belonged to him, were receivable only as against him, and were not evidence as against the other defendants.

Appeal from special term, New York county.

Action by Alexander Finelite, as receiver of Joseph Sonberg, against Joseph Sonberg and others. From a judgment for plaintiff, defendants appeal. Reversed.

¶ 2. See Evidence, vol. 20, Cent. Dig. §§ 797, 798.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Joseph Wilkenfeld, for appellants.
Morris Cukor, for respondent.

INGRAHAM, J.   One Ryshpan, having recovered a judgment against the defendant Joseph Sonberg, and the execution having been returned unsatisfied, on March 4, 1901, commenced supplementary proceedings to enforce the judgment, in which the plaintiff was appointed a receiver of the property of Sonberg, March 7, 1901, and duly qualified as such on March 12, 1901.   On November 23, 1900, the defendant Joseph Sonberg, the judgment debtor, had been arrested in a civil action in the city court.   On November 28, 1900, there was deposited with the sheriff of the county of New York by the defendant Lazar Sonberg the sum of $900 in lieu of bail; the sheriff, upon its deposit, giving a receipt which was as follows: "Rec'd from Albert Sonberg the sum of $900 in lieu of bail for above defendant in the above action.   Frederick Green, Bond Clerk, Sheriff's Office."   The sheriff subsequently paid this sum to the clerk of the city court, whereupon the plaintiff commenced this action to recover such sum as the money of the judgment debtor.   Upon the deposit of this sum of $900, Joseph Sonberg was released, whereupon, at the request of the attorney for Lazar Sonberg, he executed a direction to the sheriff of the county of New York, entitled in the action in which the bail was given, whereby the sheriff was directed that the sum of $900 "deposited with you in lieu of bail for my discharge from custody upon the order of arrest issued herein, in the above-entitled action, be paid to Joseph Wilkenfeld in the event that I become entitled to its return," which was duly acknowledged. Subsequently, upon this consent, and an affidavit of Albert Sonberg that he had deposited this sum of $900 with the sheriff, in lieu of bail, under the order of arrest of the judgment debtor, and asking that this money be returned to him, an order of the city court was entered, reciting the affidavits of Joseph Wilkenfeld and Albert Sonberg, and the certificate of the sheriff, by which it appears that on the 30th of November, 1900, the said sheriff paid into court the sum of $900, received by him in lieu of bail by the defendant in the above-entitled action, and that the said defendant had subsequently given bail, and by order duly executed, directing the payment of the said sum of $900 to Joseph Wilkenfeld, it was, on motion of said Wilkenfeld, ordered that the sum of $900 paid into court by the sheriff to the credit of this action be paid to said Joseph Wilkenfeld, in pursuance of the written directions of the defendant.   The plaintiff, however, claimed this money as the money of the judgment debtor, and commenced this action, alleging that the transfer of the money to Wilkenfeld was made with intent to hinder, delay, and defraud creditors, and demanded judgment for the payment of the money to him as such receiver.   The answers of the defendants deny that the money so paid by the judgment debtor to the sheriff in lieu of bail was the money of the judgment debtor; allege that the de-

fendant Albert Sonberg, for the purpose of securing the release of the said Joseph Sonberg from the custody of the sheriff, deposited the sum of $900 in cash with the sheriff in lieu of bail, and that the said sum of $900 was then, has always remained, and now is, the property of the said Albert Sonberg. This issue having come on for trial, the plaintiff, after proving his appointment as receiver, proved certain declarations of Joseph Wilkenfeld, tending to show that the money deposited was the money of the judgment debtor. This was objected to by the other defendants, but was received by the court as against Wilkenfeld. Declarations of the judgment debtor were also proved, tending to show that this money belonged to him. Upon this evidence, the plaintiff rested. The defendant Joseph Sonberg was called by the defendants, and denied making these declarations as to this $900, and testified that he never deposited this sum with the sheriff in lieu of bail; that he had no interest in that money; that it never belonged to him; that, when the money was deposited with the sheriff, the judgment debtor was in jail, under an order of arrest; that his son deposited the money, and that he never had this sum of money, and had no interest therein; that he signed the paper directing the $900 to be paid to Wilkenfeld at the request of his attorney, who told the witness that he was required to sign the paper, so that the sheriff would refund the money. The defendant Albert Sonberg testified that he deposited this $900 with the sheriff; that it was his own money, and that at the time of making the deposit he received the receipt of the sheriff, to which attention has been called, and that the judgment debtor was not present when the money was deposited, being at that time in jail; that no one had any interest in that money except himself; that he earned part of the money giving lessons and, in business, borrowed from his friends $100, and pawned goods for $80. The defendant Wilkenfeld testified that he was the attorney for the judgment debtor in the city court action; that the defendant was arrested in that action; that this money was deposited, in lieu of bail, with the sheriff in his presence, by the defendant Albert Sonberg, the judgment debtor at that time being in jail; that Albert Sonberg took this $900 in bills out of his pocket, and handed the money to the attorney, who handed it to the sheriff, and that the sheriff wrote out the receipt; that the receipt was first written out in the name of Wilkenfeld, who told the sheriff that he did not deposit the money, whereupon the sheriff made out the receipt to Albert Sonberg; that the sheriff told the witness that, to obtain the money after bail was given, he must have the consent of the defendant, and that he requested the judgment debtor to sign the paper directing the payment of the money to Wilkenfeld; that at his request the consent was signed; and that subsequently Wilkenfeld executed a paper authorizing the sheriff to pay the sum of $900 to Albert Sonberg. Upon this evidence the court found for the plaintiff upon the ground that the presumption is that the money deposited by Joseph Sonberg was his (Joseph Sonberg's) money; that that presumption was not overcome by the testimony of the Sonbergs and Wilkenfeld; and from that judgment the defendants appeal.

The money in question, however, was not deposited by Joseph Sonberg, but was deposited by his son, Albert Sonberg. That is shown by the receipt given to him at the time of the deposit, and by the uncontradicted evidence of all the witnesses. Money, when deposited with the sheriff in lieu of bail, stands in place of the bond, and becomes subject to the same obligation to which the bail, when accepted, is liable. Undoubtedly, in the absence of evidence to the contrary, there is a presumption that it belongs to the party for whose appearance it is held as security; but that presumption is not controlling when the evidence is uncontradicted that the money was deposited by a third person, to whom the sheriff gave a receipt for the money when deposited. By the provisions of the Code relating to a deposit of money in lieu of bail (sections 582–586, inclusive), this condition seems to be recognized. Section 586 provides that:

"At any time before the deposit is paid into court the defendant may deliver to the sheriff a written direction to pay it to a third person, therein specified, in the event that the defendant becomes entitled to a return thereof; but without expressing any other contingency. * * * The money thus deposited is deemed the property of the third person subject to the plaintiff's interest therein; and subject to the rights of a creditor of the defendant, where the direction was given for the purpose of hindering, delaying or defrauding creditors. The money, or the residue thereof, must be paid to the third person, where, by the provisions of the last two sections, it is required to be refunded to the defendant, or his representative."

By this provision of the Code a method is provided by which a person for whom the money was deposited as security may provide for its return to the person depositing it, when the money is not the property of the person for whose appearance it has been deposited. It is not in the nature of a transfer of the money, but a declaration that the money, when repaid, is to be repaid to the person specified; and the section expressly provides that the money deposited is then deemed the property of the third person, subject to the plaintiff's interest therein, and to the rights of a creditor, where the direction is given for the purpose of hindering, delaying, or defrauding creditors; but, to entitle a creditor to secure the possession of this money, there must be proof that the money was the property of the debtor, which should be applied to the payment of his debts, and that the direction was given for the purpose of hindering, delaying, or defrauding his creditor. Under such circumstances, there is no presumption that the money is the property of the debtor. On the contrary, it is deemed the property of the third person to whom it is directed to be paid. In this case the judgment debtor executed the direction to pay to the third person, and the money was to be deemed the property of that third person unless the plaintiff proved that the money belonged to the judgment debtor, and that the direction to pay to the third person was given with intent to hinder, delay, and defraud creditors. As I read this testimony, there is no evidence, as against this defendant, Albert Sonberg, that the money was not his, or that it was the property of the judgment debtor, and that he was not entitled to it when the object for which it had been deposited had been accomplished, and the money was to be returned. The

declarations of the judgment debtor were received only as against him, and were not evidence as against the other defendants.

I think, therefore, that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.