(69 Misc. Rep. 206.)

### ELITE DISTRIBUTING CO. v. SCHRUL.

(City Court of New York, Special Term.   October, 1910.)

EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—SECURITY TO AVOID ARREST.

Where a judgment debtor deposited $50 with the sheriff to avoid arrest under an attachment on failure to answer contempt proceedings on his default in supplementary proceedings, but no order was entered as to the manner in which the money was to be refunded, if the debtor became entitled to the return thereof, the judgment creditor is entitled to an order directing payment of money to him in reduction of his judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Action by the Elite Distributing Company against Paul Schrul. Judgment for plaintiff.   On application for an order directing the city chamberlain to turn over to the sheriff money deposited as bail to satisfy the judgment by virtue of which judgment debtor was arrested.   Application granted.

The judgment debtor defaulting in supplementary proceedings, and failing to answer the contempt proceedings, an attachment was issued.   Pursuant to the attachment the sheriff took the debtor into custody on September 15, 1910. The debtor deposited with the sheriff the sum of $50, which the sheriff duly turned over to the city chamberlain.   On the 16th day of September the chamberlain was examined.   It appeared that the chamberlain had on deposit credited to the action the sum of $49.75.   As a result of said examination this application is made.

L. & I. J. Joseph, for plaintiff.
Samuel P. Jacktoff, for defendant.

SCHMUCK, J.  A delinquent judgment debtor, for whom an attachment had been issued, in order to avoid the humiliation of arrest, deposited with the sheriff the sum of $50.   At the time the deposit was made no statement or written direction concerning the title to or the manner in which the money was to be refunded, if the judgment debtor subsequently became entitled to the return thereof, was made.   The debtor, after his discharge from the custody of the sheriff, sought to have the deposit returned, claiming the money to be that of a third party, who had merely loaned the money for bail purposes.   The judgment creditor in the meantime demanded payment of the deposit in part satisfaction of the judgment, and has enlisted by this application the assistance of the court in said endeavor.   A vehement protest is made against any such disposition by the judgment debtor, who naturally feels anxiety and solicitude for his friend who deposited the bail.

The first thought given to this question would seem to lead to the conclusion that an injustice would be done if the innocent third party were to be deprived of the money he merely intended to temporarily assist the delinquent.   An examination of the authorities shows that at common law money deposited as bail either in civil or criminal proceedings may be applied to the satisfaction of the obligation to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

secure which the delinquent is held to bail, regardless of the rights of others thereto. People ex rel. Gilbert v. Laidlaw, 102 N. Y. 588, 7 N. E. 910. In order to avoid the harshness of this rule, and to protect the rights of those who in reality are entitled to the money, section 586 of the Code of Civil Procedure was adopted. By the terms of this law the debtor may protect the rights of the third party by delivering to the sheriff, at any time before the deposit is paid into court, a written direction to pay it to said third person. By such a declaration, indication is given that there is not a transfer of the money, but rather that the property still remains in the third person, and, when repaid, is to be repaid to the specified person. Finelite v. Sonberg, 75 App. Div. 455, 78 N. Y. Supp. 338; Rallings v. McDonald, 76 App. Div. 112, 78 N. Y. Supp. 1040. However, if such a declaration is not given to the sheriff, the common-law rule hereinbefore stated applies. Further, if an application is made by the judgment creditor to utilize the deposit in reduction of the judgment, the debtor cannot successfully oppose the application on the ground that the deposit is the property of a third person, for by such an admission he establishes his lack of interest in the property. People v. Gould, 75 App. Div. 524, 78 N. Y. Supp. 279. Therefore, in the lis sub judice, the debtor admitting the deposit to be the property of another, and that other failing to oppose this application, and the provisions of section 586 not having been complied with, this application must be granted. Submit order.

Application granted.