# SUPREME COURT — SPECIAL TERM — NEW YORK.

## July, 1916.

## BENJAMIN COHEN v. HENRY BRUERE, ET AL.

### (96 Misc. 609.)

BAIL—EXONERATION OF—TO WHOM MONEY DEPOSITED IN LIEU OF BAIL REVERTS—TRIAL—APPEAL—JURISDICTION.

Money deposited by a third person in lieu of bail is, for the purpose of the deposit, to be considered the money of defendant, but when that purpose has been accomplished and there is neither fine nor forfeiture the money reverts to the depositor who is entitled to have it returned to him.

Where one charged with commission of a crime was held for examination, money deposited in lieu of bail by a third person for the appearance of defendant who appeared and was examined is freed from its burden, the bail being exonerated.

An order of the magistrate holding defendant for trial superseded the order for his examination and exonerated his bail and where, upon being held to answer, defendant was admitted to bail, his release from custody on his own cognizance by the jail warden was unauthorized and on defendant's failure to appear for trial the bail given for his appearance for examination cannot be forfeited, there being no bail outstanding.

The denial of a motion to vacate an order forfeiting the bail, an appeal therefrom and affirmance thereof do not constitute *res adjudicata* since there was no subject-matter litigated and neither the court of first instance nor the appellate court acquired jurisdiction.

ACTION in equity.

*Wahle & Kringel (Charles G. F. Wahle,* of counsel), for plaintiff.

*Lamar Hardy (Charles V. Nellany, Frank R. Rubel* and *William Cohen,* of counsel), for defendants.

GOFF, J.:

An adjudication in equity is sought of the rights of the parties to the action in a sum of money deposited in lieu of bail. These parties are the plaintiff, Cohen, who made the deposit, the defendants, Bruere, who was chamberlain of the city of New York; O'Brien, who was sheriff of Bronx county; Minogue, who was warden of the county jail of Bronx county, the city of New York, Levine, who was the principal for whom the deposit was made, and the People of the State of New York. The last two defendants have failed to answer.

On June 15, 1914, Levine was arraigned before a committing magistrate, in the Eighth District Court, in the county of Bronx, charged with grand larceny, and held to bail in the sum of $2,000 for examination on the nineteenth of June, meantime being committed to the Bronx county jail. With Minogue, the warden, Cohen deposited $2,000 cash in lieu of bail for Levine, receiving therefor the warden's receipt, and Levine was thereupon released from custody. On the nineteenth of June, pursuant to adjournment, the magistrate, after examination, held Levine to answer, admitted him to bail in the sum of $2,000, and in default thereof committed him to prison. Thereupon he was taken into custody and committed to prison, and later in the day was liberated by the warden on the order of counsel to the sheriff, on the assumption that Cohen orally agreed (which is denied) to allow the $2,000 deposited as bail for examination to remain as bail for his appearance at trial. Levine was indicted, pled thereto, was called for trial in the County Court, and his bail was declared forfeit. Subsequently he appeared, pled guilty to larceny in a lesser degree, and a fine was imposed, which was paid. On August 21, 1914, Cohen moved in the County Court to vacate the forfeiture of bail, which was denied; appeal therefrom was taken and the order of denial was affirmed. Later the action was commenced.

To complete the statement of facts it is necessary to trace

the $2,000 deposited in lieu of bail on June 15, 1914. After its receipt and the release of Cohen, the warden or a clerk in his office transmitted the money to the Twenty-third Ward Bank for deposit to the credit of the personal account of the sheriff, who then drew a check to his own order as sheriff for a similar amount and deposited it in another bank in which he kept the moneys intrusted to him as sheriff. On June 19, 1914, the sheriff sent his check for $2,000 to the chamberlain of the city, accompanied by a writing setting forth "Sheriff's Office, Bronx County Jail. The People, etc.,  *  *  *  v. Harry Levine. Offense, Larceny from Person. Surety, Benj. Cohen. Residence, 19 2nd Ave., New York, June 19th, 1914. This is to certify that the above named defendant was on the 19th day of June, 1914, held in the sum of two thousand ($2,000.00/100) Dollars by the Hon. Francis X. McQuade, City Magistrate, presiding in the 6th District Court, James F. O'Brien, Sheriff."

This check was not received by the chamberlain until the twentieth of June.

The propositions arising from this state of facts will be disposed of in their order.

I. The money deposited by Cohen in lieu of bail for Levine was for the purpose of the deposit of the money of Levine; otherwise it was, and remained, Cohen's money.

This proposition is disputed on the theory that under section 586 of the Criminal Code none but the defendant can deposit money in lieu of bail, and that by operation of law the ownership of money was vested in the defendant. As authority People ex rel. Gilbert v. Laidlaw (102 N. Y. 588), is cited. An examination of the facts in that case discloses that the decision turned upon the question whether the money deposited by a third person in lieu of bail for defendant should be applied to the payment of a fine imposed upon him. The court decided that it should, holding that the money should for the purposes of the deposit be considered in fact the money of the defendant.

In no sense did this ruling affect the title of the depositor of the money as against all persons except the State, and that was limited to the fine or forfeiture resulting from the criminal action.

Subsequently section 586 of the Criminal Code was amended by reciting that whenever any person other than the defendant made the deposit the defendant might execute a consent that upon the termination of the proceeding the money might be refunded to the depositor. It is difficult to percieve what change was effected, or what new law was created by this amendment. It certainly did not detract from the ownership of the depositor, nor did it confer ownership upon the defendant. If the defendant had not title as against the depositor, his consent would not confer title, and his refusal of it could not impair the right of the depositor to have the money returned to him. All that this amendment accomplished was a formal statutory recognition that a person other than the defendant may deposit for him money in lieu of bail.

In Finelite v. Sonberg (75 App. Div. 455), the court having under consideration section 586 of the Civil Code relating to arrest in civil cases, and which in substance corresponds to section 586 of the Criminal Code, says (p. 459): "Undoubtedly, in the absence of evidence to the contrary, there is a presumption that it (the money) belongs to the party for whose appearance it is held as security, but that presumption is not controlling when the evidence is uncontradicted that the money was deposited by a third person, to whom the sheriff gave a receipt for the money when deposited."

In People ex rel. Meyer v. Gould (75 App. Div. 524), Smalley deposited money in lieu of bail for Fieroe, who, after disagreement of a jury, was discharged. A creditor of Fieroe sought to attach the money. The court said (p. 526): "The fact that the money deposited actually belonged to Smalley is not disputed, nor is it disputed that such deposit was made by

him in lieu of the undertaking required in the criminal proceeding. So far as that proceeding was concerned it was Fieroe's money (People ex rel. Gilbert v. Laidlaw, 102 N. Y. 588), but it did not make it her money for any other purpose." This case was cited with approval in Matter of Rothschild v. Gould (84 App. Div. 196), where it was said: "That money (the deposit) is presumed to be the property of the defendant in the indictment only for the purposes of that particular proceeding."

On authority, therefore, it must be accepted that proposition, I, contains the settled rule of law in this State.

II. The purpose for which the money was deposited was to secure the presence of Levine on the examination of the charge against him, and when he appeared at the examination the purpose was accomplished, and Cohen was entitled to have his money returned.

On the facts there is no question that the warden and the sheriff knew that Cohen had deposited the money, for the sheriff had given him a receipt (Finelite v. Sonberg, *supra*), nor is there question that Levine appeared on the examination.

III. On the examination, the jurisdiction of the magistrate was limited to one of two courses, either to discharge or to hold to answer (Code Crim. Pro., §§ 207, 208), and if the crime was bailable to admit to bail in a specified sum of money. (Id., § 212.)

IV. When the magistrate held Levine to answer in a specified sum as bail, and in default thereof he was committed and taken into custody, a new proceeding in the action was instituted which, so far as bail was concerned, had no relation to the initial proceeding in which bail was given for examination.

V. The contention that after the commitment on the nineteenth of June, Cohen consented to allow the $2,000 he had previously deposited in lieu of bail for Levine's examination to remain on deposit in lieu of bail for his appearance for trial is not sustained by the evidence.

VI. Even if Cohen did so consent, the discharge of Levine from custody by the warden on the advice of counsel to the sheriff was unauthorized by law, and placed upon the sheriff sole responsibility.

a. The order of the magistrate holding for trial superseded the order holding for examination, and exonerated bail therefor.

b. When Levine was taken into custody by the People all outstanding bail (if any) was exonerated.

c. When Levine was discharged a deposit of money in lieu of bail was not made, as required by sections 212 and 586 of the Criminal Code.

d. Consent by Cohen, even were it given, that the $2,000 which he had deposited for the examination and which he did not possess nor control, and which was not in the possession of the warden, might be continued as bail, did not and could not comply with the requirements of the statute that the money or a certificate of its deposit with an authorized official be deposited with the warden.

e. Neither could Cohen's consent operate upon the money, since it had been unlawfully diverted from its proper course by the warden sending it to the sheriff, and he delaying sending it to the chamberlain, all of which was in violation of law. (Greater New York Charter, § 197; Code Civ. Pro., § 745.)

f. The "prison card" introduced in evidence is of no probative value in that, assuming its integrity (which is very doubtful), it purports to state that "Cash bail paid in Warden's Office, 6-19-14," and that is concededly not the fact; nor is the writing accompanying the sheriff's check to the chamberlain of probative value, since it purports to certify that Cohen was surety for Levine on the nineteenth of June, when in fact there was no surety.

VII. When Levine failed to appear for trial, and bail was declared forfeit, there was no bail outstanding, and consequently there could not be a forfeiture.

VIII. When Cohen moved to vacate the forfeiture he moved for an impossibility in that the court could not vacate that which never had existence.

IX. The judgment of the Appellate Division affirming the order of the County Court is not *res adjudicata*.

a. An essential to that doctrine is that the same subject matter must have been litigated.

b. Since there was no bail to forfeit, there could not be forfeiture. Refusal of the court to vacate and appeal therefrom were idle ceremonies. Consequently the court of first instance or the appellate court never acquired jurisdiction of the subject matter in litigation, for it did not exist.

The plaintiff is entitled to judgment for $2,000, with costs against each and all of the defendants answering. Interest thereon from the time of the deposit should not run against the defendants Bruere or the City of New York, but it should run against the defendants O'Brien and Minogue, for by their successive mistakes this action has been made necessary.

Judgment accordingly.