MALVIN LICHTER and Another, etc., Plaintiffs, *v.* PAUL RAFF and Another, Defendants.

City Court of New York, Bronx County, September 12, 1933.

*Morton Roth*, for the plaintiffs.

*John Bogart*, for Martin Raff.

*Samuel D. Isaacson*, for Paul Raff.

ADLERMAN, J.   Motion by the plaintiffs for an order compelling the sheriff, clerk of the court or chamberlain of the city of New York to pay over to him the sum of $500, heretofore deposited in this action by the defendant Paul Raff in lieu of bail, to be applied in partial satisfaction of the judgment heretofore entered herein. In an action by the plaintiffs brought for the conversion of personal property, the plaintiffs procured an order of arrest against the defendant Paul Raff, and on September 13, 1929, the sheriff of the county of New York arrested the said defendant.   Bail was fixed at $500.   The sum of $500 was deposited with the sheriff in lieu of bail, and on making said deposit the said defendant was released from said sheriff's custody and from the county jail. Thereafter the action proceeded to judgment in favor of the plaintiffs against the said defendant in the sum of $887.87, with interest, no part of which has been paid.   Said deposit of $500 was in due

course turned over to the chamberlain of the city of New York and has continually remained with him. It has never been withdrawn.

Plaintiffs move, under section 859 of the Civil Practice Act, to have the amount deposited applied in partial satisfaction of the judgment.

Section 859 of the Civil Practice Act, after providing for money deposited in a case where the order of arrest could be granted only by the court, provides as follows: " In any other case, if it remains on deposit when final judgment is rendered for the plaintiff, it must be applied under the direction of the court in satisfaction of the judgment, and the surplus, if any, must be refunded to the defendant or his representative."

After the defendant was taken in custody, Martin Raff, the brother of said defendant, appeared at the county jail with $500 cash, which he claims was his own money, and that he transferred said sum to the keeper and that at said time Paul Raff was actually confined to jail. He states that the said money was his property and that no one else has any interest in said money; that at the time of the payment of said money the sheriff gave him a receipt and informed him that, pursuant to the Civil Practice Act, the receipt had been executed in the name of the defendant Paul Raff. Martin Raff now claims the ownership of this fund and the defendant Paul Raff makes no claim whatever thereto. On November 9, 1931, the defendant Paul Raff issued a direction to the sheriff pursuant to section 860 of the Civil Practice Act, to pay the said sum of $500 to Martin Raff in the event the defendant becomes entitled to a return thereof.

Under the mandatory provisions of section 859 of the Civil Practice Act, if it appears that the money remains on deposit at the time of the entry of judgment, the plaintiff is entitled to have it applied to the satisfaction of the judgment, even though it be the money of a third party. (*Commercial Warehouse* v. *Graber*, 45 N. Y. 394; *Hermann* v. *Aaronson*, 3 Abb. Pr. [N. S.] 392; S. C., 8 id. 155; *Bull* v. *Turner*, 1 Tyrr. & Gra. 367; *Elite Distributing Co.* v. *Schrul*, 69 Misc. 206.) In the case of *Hermann* v. *Aaronson* (8 Abb. Pr. [N. S.] 155) the court stated (at p. 160): " If the judgment be perfected, however, then the money is to be treated as the defendant's. The construction favoring the depositor ceases, and he must lose his funds for two reasons: *First*, it is the presumption that the money belongs to the defendant, and, *second*, there is no power after judgment to restore it to him. If he wishes to have it refunded, he must see to it that special bail be put in or the defendant surrendered before judgment; and if neither act be done, the money must be regarded as in ' *custodia legis* ' for the benefit of the

plaintiff," and it has been held, under a similar statute in England, that a surrender of the defendant after judgment will not release money thus deposited, even though it be the money of a third party; and that if the plaintiff obtains judgment before bail have justified, he becomes absolutely entitled to an application of the money. (*Bull* v. *Turner*, 1 Tyrr. & Gra. 367.)

*Finelite* v. *Sonberg* (75 App. Div. 455), cited by the defendant, is distinguishable. In that case the court said: " The money in question, however, was not deposited by Joseph Sonberg, but was deposited by his son, Albert Sonberg * * *. Undoubtedly, in the absence of evidence to the contrary, there is a presumption that it belongs to the party for whose appearance it is held as security, but that presumption is not controlling when the evidence is uncontradicted that the money was deposited by a third person, to whom the sheriff gave a receipt for the money when deposited."

In that case the record on appeal shows that Joseph Sonberg was arrested in a civil action and that thereafter his son deposited cash in lieu of bail. Shortly thereafter, and while the action was stil pending trial, Sonberg executed an undertaking of bail and became entitled to the return of the deposit. At the time of the deposit the defendant Sonberg executed and filed a direction under section 860 of the Civil Practice Act to pay to Wilkenfeld, in the event that he, Sonberg, should become entitled to the return thereof. Wilkenfeld, the third party, then procured an order to pay the deposit over to him. He rested his claim solely on said direction filed under section 860 of the Civil Practice Act and not on any theory that independently of that direction he was entitled thereto as original owner. Then Alexander Finelite was appointed as receiver in supplementary proceedings. He represented one Ryshpan, a judgment creditor of Joseph Sonberg, and he commenced an action as receiver, claiming title to the deposit as the property of Joseph Sonberg. It was necessary for him to prove it was Joseph Sonberg's property, for his title thereto as receiver depended on that fact. Confusion has resulted from this opinion because the facts as disclosed by the record on appeal do not appear in the opinion of the court and it is not shown that the money was withdrawn before judgment. In the case at bar the plaintiffs have proceeded by motion in the same action, between the same parties, and they base their claim not necessarily on any theory of title in Paul Raff, but strictly on the mandatory provisions of section 859 of the Civil Practice Act, and the plaintiffs' proper remedy is by motion in the action, not by independent suit (*Anderson* v. *Tompkins*, 23 Abb. N. C. 433), and such motions are granted despite the fact that third parties claim the fund. (*Elite Distributing Co.* v. *Schrul*, 69 Misc. 206.) Obviously

the Legislature has made the risk of deposit more extensive than the liability of the bail and the courts have not hesitated to enforce the clear requirements of the statute.

The same principle has been enforced in cases of deposits in lieu of bail under section 586 of the Code of Criminal Procedure. In *People ex rel. Gilbert* v. *Laidlaw* (102 N. Y. 588) the court said (at p. 592): " All these sections treat the money deposited as belonging to the defendant, and in all cases where money is deposited in lieu of bail it may be applied in payment of any fine imposed, * * *. The relator (third party) when he deposited this money must be assumed to have known the provisions of these statutes, and the deposit must have been made in compliance with them. * * * So far as the relator is deprived of his money, it is by voluntary act and implied assent."

The defendant relies upon a direction signed by the defendant pursuant to section 860 of the Civil Practice Act, addressed to the sheriff, directing payment to Martin Raff " in the event that I, the said defendant, become entitled to the return thereof." This provision provides for the delivery to the sheriff of such a direction " At any time before the deposit is paid into court." The defendant executed such direction more than two years after the time to file direction had elapsed and the statute is clear that the direction must be filed before the payment of the deposit into court. (*Republic of Honduras* v. *Soto*, 112 N. Y. 310; *Dunk* v. *Dunk*, 177 id. 264, at p. 267.) Moreover, the direction, as well as the statute, provides for the payment to Martin Raff " in the event that I, the said defendant [Paul Raff], become entitled to the return thereof," and section 860 adds, " but without expressing any other contingency." This condition would be fulfilled if final judgment had been rendered for the defendant, or if the order of arrest had been vacated, or if the defendant had substituted undertaking of bail or if the defendant had surrendered himself and returned to jail. None of these contingencies happened, and since the defendant Paul Raff is, therefore, not entitled to a return, Martin Raff is not.

In this case, while an execution against the property of defendant has been issued and not yet returned, no execution against the person has been issued, and it is the contention of the defendant that it is a defense to an action against bail that an execution against the property of the defendant in the original action has not been returned, as prescribed in section 871 of the Civil Practice Act. The defendant confuses the statutes relating to " bail " and those relating to " deposits in lieu of bail." Sections 871 and 873 undoubtedly require the return of property and body executions before an action may be maintained against the bail, *i. e.*, on an undertaking

of bail or against a sheriff as bail. But neither of such sections, nor any other, requires such a return in case the plaintiff wishes to proceed under section 859 of the Civil Practice Act against a deposit *in lieu of bail*, and the law is well settled that it is not required. As it is well stated, " the plaintiff is bound to exhaust his process against the property of the defendant before he can resort to process against the person; and it would be absurd to resort to either with money in court to the credit of the action." *(Hermann v. Aaronson,* 8 Abb. Pr. [N. S.] 155.)

The motion is granted.