SAM STEINBERG, Plaintiff, *v.* MILTON FRANKEL, Defendant.

City Court of New York, Bronx County, January 10, 1935.

*Abraham H. Sarasohn*, for the plaintiff.

*Julius D. Tobias*, for the defendant.

EVANS, J. At common law bail deposited in a civil arrest was applicable to the judgment, no matter whether the money belonged to defendant or to a third party who deposited it in his behalf. (*Commercial Warehouse Co.* v. *Graber*, 45 N. Y. 393; *Hermann* v. *Aaronson*, 3 Abb. Pr. [N. S.] 392; S. C., 8 id. 155; *Bull* v. *Turner*, 1 Tyrr. & Gra. 367; 150 Eng. Rep. 340.) The money could be applied in satisfaction of the judgment, on motion, and independent suit was not necessary. (*Anderson* v. *Tompkins*, 23 Abb. N. C. 433.) The rule was the same in a criminal case, and moneys

deposited as bail were deemed to belong to the prisoner, even if deposited by a third person in his behalf, if a judgment creditor claimed it. (*People ex rel. Gilbert* v. *Laidlaw,* 102 N. Y. 588.) Section 860 of the Civil Practice Act (formerly section 586 of the Code of Civil Procedure) has changed the rigor of the common-law rule, and, if complied with, the court may determine to whom the moneys belong, and award it accordingly. (*Finelite* v. *Sonberg,* 75 App. Div. 455.)

I do not regard *Lichter* v. *Raff* (149 Misc. 53) as authority that the common-law rule still prevails, notwithstanding section 860 of the Civil Practice Act. The result there reached is, I think, correct. There, while the money was deposited by a third party, the statute was not complied with, in that no written direction was delivered to the sheriff to pay the money to a third person before the deposit was paid into court. In that case defendant executed the instrument to pay the money to a third person more than two years after the time to file it had elapsed.

This application is made by the judgment creditor, and is defended by the debtor, who claims the money belongs to a third party, because a third party deposited the bail, and the statute has been complied with (Civ. Prac. Act, § 860). By so doing defendant has effectually disclaimed any interest in the fund, and is really in no position to oppose the application. (*Elite Distributing Co.* v. *Schrul,* 69 Misc. 206.) There is practically a default on this motion. But the court now has notice that defendant disclaims the fund and that it belongs to a third party. No notice has been given to that party. Someone ought to notify him. The defendant is directed to give such notice to the claimant and the matter will be set down for a hearing at Trial Term, Part I, on January 28, 1935, at ten-thirty A. M., so that the court may determine to whom the money belongs, and whether the statute was duly complied with.