## UNITED STATES v. DAVIS.

District Court, S. D. New York.

Oct. 15, 1942.

Mathias F. Correa and Martin Klein, Asst. U. S. Atty., both of New York City, for United States.

L. William Santasiere, of New York City, for surety David Friedman.

RIFKIND, District Judge.

The United States moves for an order directing the Clerk of the United States District Court for the Southern District of New York to pay, out of a fund of $5,000 deposited with him, the sum of $1,000 to be applied in satisfaction of a fine imposed upon Louis Davis, the defendant herein, as part of a sentence after a plea of guilty. Upon the oral argument the Government conceded that the $5,000 fund consisted of United States Treasury Bonds in that principal amount deposited, not by Davis, but by one David Friedman, a professional bondsman, in connection with a bail bond given by him for the defendant Louis Davis, and that the Treasury Bonds were Friedman's property.

On its face the suggestion that the property of one should be taken by the Government to satisfy its claim against another is shocking and should not be countenanced in a civilized society. The district attorney contends, however, that I am without choice; that the law compels such disposition, and that when Friedman deposited the bonds he must be deemed to have understood the risks attending the deposit.

The Government's contention is founded on two lines of reasoning:

The first flows from its construction of Title 6 U.S.C.A. § 15. That section, the Government argues, permits no one but the accused to deposit government bonds in lieu of bail. From that premise it seeks to draw the inference that the statute permits a return to no one but the accused and that the deposited bonds must, therefore, be presumed to be the property of the accused and available for the satisfaction of a fine imposed upon him. Section 15 of Title 6, U.S.C.A. provides in part as follows:

"As soon as security for the performance of such penal bond is no longer necessary, such bonds or notes so deposited shall be returned to the depositor".

This reasoning is manifestly too thin a foundation for such a deprivation of property as the Government proposes. Furthermore, it proves too much. If the deposited bonds must be conclusively presumed to be the property of the accused, why is not that presumption indulged for purposes other than the collection of a fine from the accused. Thus, in Jacobson v. Hahn, 2 Cir., 1937, 88 F.2d 433, the Court of Appeals rejected the attempt of the Collector of Internal Revenue to subject government bonds, deposited by a third party for purposes of bail, to a claim for unpaid income taxes of the accused. And see McShane v. Pinkham, 1892, City Ct.Sp.T., 19 N.Y.S. 969; 46 N.Y.St.Rep. 65. Finelite v. Sonberg, 1902, 75 App.Div. 455, 78 N.Y.S. 338.

The second line of reasoning urged by the Government flows from Title 18, U.S.C.A. § 591, which provides in part: "For any crime or offense against the United States, the offender may, * * * agreeably to the usual mode of process against offenders in such State [where he may be found] * * * be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense".

That statute refers us in the instant case to the law of New York and to the leading case of People ex rel. Gilbert v. Laidlaw, 1886, 102 N.Y. 588, 7 N.E. 910. The holding of that case is summarized in its headnote as follows:

"Where, in lieu of bail in a criminal action, money is deposited as authorized by the Code of Criminal Procedure (§ 586), it is for the purposes of the action to be considered as the money of the defendant, and although it was in fact furnished by a third person it may be applied in payment of any fine imposed upon the defendant".

This case is heavily relied on by the Government. Examination of the opinion discloses, however, the court's reliance upon the explicit language of section 586 of the New York Code of Criminal Procedure, which *at the time* expressly permitted only the defendant to deposit money in lieu of bail, and upon section 589, which provided:

"When money has been deposited, if it remain on deposit and unforfeited at the time of a judgment for the payment of a fine, the county treasurer must, under

178

direction of the court, apply the money in satisfaction thereof".

In other words the New York Court of Appeals was not stating a general principle of law but giving effect to the express words of a statute.[1] Such a rule need not necessarily be applied in this Court unless Congress has enacted a similar statute for federal courts or unless the conformity provision of 18 U.S.C.A. § 591 assimilates the New York rule into the federal practice of this district. Neither of these conditions is satisfied. Section 15 of Title 6, U.S.C.A. is silent on the subject. Indeed, the use of the words "shall be returned to the *depositor*" might well justify an inference that Congress desired to avoid the harsh result of the Laidlaw decision.

█ And it seems to me that we would be stretching the conformity provision of section 591 of 18 U.S.C.A. beyond its reasonable import if we were to hold that thereby section 589 of the New York Code of Criminal Procedure became part of "the usual mode of process against offenders" which must be given effect by the federal courts. Surely, it would not be contended that money or bonds so deposited in lieu of bail in a federal court must be entrusted to the county treasurer because the New York Code so prescribes. Indeed, the United States District Attorney does not so contend. And analogously he attributes the propriety of a deposit of Treasury Bonds in lieu of bail not to the provisions of the New York statute but to Title 6, U.S.C.A. § 15.

I conclude, therefore, that neither federal statute nor conformity to state practice binds this court to apply the Laidlaw decision to the case at bar. Moreover, since the Laidlaw decision, the New York Criminal Code has been amended to permit deposits of cash or bonds in lieu of bail by a person other than a defendant. § 586 N.Y.Criminal Code. (We can only speculate whether the courts would subject a deposit in lieu of bail, made by a third person in strict compliance with § 586, to a claim for a fine pursuant to § 589. See People v. Licenziata, 1930, 230 App.Div. 358, 244 N.Y.S. 731). The requirement of § 586, as amended, that the defendant execute a consent to the return

of the money to the depositor is manifestly no more than a device to relieve the county treasurer of the possibility of disputes. Cohen v. Bruere, 1916, 96 Misc. 609, 162 N.Y.S. 75, affirmed 179 App.Div. 884, 165 N.Y.S. 1080, cited with approval in People v. Licenziata, 1930, 230 App.Div. 358, 244 N.Y.S. 731.

In the case at bar the ownership of the fund by Friedman is conceded and the failure of the defendant to execute a consent can at best be deemed, therefore, no more than an irregularity.

To summarize: If the Government relies on New York law, then the deposit by a stranger is now fully authorized and the only obstacle to the return of the deposited bonds to Friedman is the omission to obtain the defendant's consent in advance of the deposit, an omission which I regard as harmless in view of the lack of issue as to the true ownership. If the Government relies on Title 6, U.S.C.A § 15, then it seems that that is insufficient to subject the deposited bonds to the Government's claim in the absence of clear language in the statute of the character relied on by the New York Court of Appeals in the Laidlaw case.

If, as I believe the true rule to be, the New York practice governs except where inconsistent with federal law, then the deposit by a person other than the accused is permitted by New York rule and not prohibited by federal law; whereas, the New York provision that the deposit must be diminished by the amount of a fine imposed upon the defendant is inconsistent with Section 15 of Title 6, U.S.C.A. which requires the return of the entire deposit to the depositor.

The case of United States v. Werner, D.C.N.D.Okl.1931, 47 F.2d 351, reaches a contrary conclusion. To the extent that it relies on Oklahoma law it may be distinguished; beyond that I am unable to agree with it. The same applies to the dictum in Bankers' Mortgage Co. v. McComb, 10 Cir. 1932, 60 F.2d 218.

█ I have reached the conclusion that the Government's application must be denied and, in doing so, I have accepted the assumption of both parties to the motion

[1] The holding of the case has been exalted into a principle of "common law"; but I see no justification for that. Steinberg v. Frankel, 1935, 154 Misc. 179, 276 N.Y.S. 694.

that this case involves a "deposit in lieu of bail". The conclusion I have reached is the same if I reject this assumption and treat this case as one of true bail. I start with the proposition that Friedman was not a "stranger to the record". United States v. Widen, D.C.N.D.Ill.1930, 38 F.2d 517, 518.

He was a surety, a professional one, and, as surety, he executed jointly with the defendant as principal an undertaking to the People of the United States that the "defendant shall personally appear before the said commissioner * * * or that he will pay to the People of the United States the sum of $5,000."

The delivery of such an undertaking "executed by sufficient surety" constitutes the bail. Section 568 of the New York Criminal Code thus provides: "Bail is put in by written undertaking executed by sufficient surety * * * in substantially the following form". The form specified was substantially the form herein used.

■ Section 586 of the New York Criminal Code which speaks of deposits of money or bonds "instead of giving bail" clearly contemplates a deposit unaccompanied by a surety's undertaking.

Similarly, if we rely not on the New York law but on Title 6, U.S.C.A. section 15, we note that that section speaks of depositing bonds "in lieu of * * * surety or sureties". But in the case at bar the omission of a surety was not the purpose of the deposit. The defendant did furnish an undertaking executed by a surety. The Bonds were apparently received in order to qualify the surety and to demonstrate his capacity to perform the obligations of his undertaking. This form of qualification does not seem to comply with the statute, § 569 New York Criminal Code. However, that may be, it

was accepted and in reliance thereon the accused was released. The surety has fully performed his bargain. Is he not now entitled to the return of the evidence of his capacity to perform?

■ "The primary purpose of a recognizance is to secure the presence of a defendant in court when required, and it is to that obligation that the surety has knowingly bound himself". United States v. American Bonding Co., 9 Cir., 1930, 39 F.2d 428, 430.

The surety, in other words, is the jailer of the accused. Here the Government has had the surety's services as the jailer of the defendant, a service which it does not enjoy when it accepts a simple deposit unaccompanied by a surety's undertaking.[2]

■ The remote consequences of a contrary decision should not be overlooked. If the Government is right in its contention, then both friends of the accused and professional sureties alike will be deterred from posting cash bail since the scope of the risk thus undertaken is generally not measurable. This will not affect those accused of crime who are in position to command a surety company bond. Surety companies deposit no cash but only their promises to pay and they are thus exempt from the hazard of being called upon to pay a fine imposed upon the defendant. But consider the case of the person who finds himself accused of crime in a strange community or of a crime which arouses public passion, who has no access to surety companies and must rely on distant friends unable to qualify as sureties by reason of their non-residence. Such a person who needs bail most will find himself as effectively denied the benefits of that great privilege as if it had never been hallowed by incorporation in the Constitution.

The motion is denied. Submit order.

---

[2] See Lichter v. Raff, 1933, 149 Misc. 53, 56, 266 N.Y.S. 748, for a similar distinction drawn between "bail" and "deposits in lieu of bail" under the New York Civil Practice Act.