Herman agt. Aaronson.

ing station, but with a view to other purposes, if the answer and affidavits upon the other side are supposed to controvert that position, the injunction should be allowed and continued until that question is decided at the hearing.

It cannot be supposed that defendants' affidavits settle that question in favor of the defendants; and we should have an opportunity to try it.

It is a proper case for an issue, (*Agar* agt. *The Regent's Canal Co. Cooper's Cas. in Ch.* 67; *Webb The Manchester Railway*, 1 *Railway Cas.* 576; 4 *Myl. & Cr.* 116.)

IX. The act of 1851, in relation to state officers and state bonds of officers, does not apply to these commissioners.

The second section shows clearly that it only refers to those general state officers for whom it was the duty of the attorney general to appear, and that the law was made for his benefit.

So decided, *N. Y. and Harlem R. R.* agt. *The Mayor*, 1 *Hill*, 562.

However, we have also given notice for the general term.

H. W. JOHNSON, *for defendants.*

———•◆•———

## NEW YORK COMMON PLEAS.

### ISAAC HERMAN agt. NEWMAN AARONSON.

An application, under section 199 of the Code, for the refunding of money deposited in lieu of bail, on the arrest of a defendant, cannot be made until bail has been put in and *justified.*

*Special Term, December,* 1867.

MOTION under the 199th section of the Code, to refund money deposited with the sheriff, instead of bail, at the time of the arrest of the defendant. The application was that the money be refunded, not to *defendant,* but to *J. Aaronson,* son, who, it is claimed, deposited it to secure the discharge of defendant from arrest. The motion was made *before the bail had justified.* There was some conflict in the affidavits, as to whether the money belonged to defendant or to J. Aaronson. The money was also claimed to have been attached as the defendant's property.

FREDERICK SMYTH, *for the motion.*
A. BLUMENSTIEL, *opposed.*

VAN VORST, J.    I am satisfied that this motion cannot be
granted.   Section 199 of the Code provides, that, if money be
deposited as provided in the last two sections (197 and 198),
bail may be given and justified upon notice as prescribed in
section 193, any time *before judgment;* and thereupon the
judge before whom the justification is had shall direct, in the
order of *allowance*, that the money deposited be refunded by
the sheriff to the *defendant.*  No application for the refunding
of the money can be made until the bail has actually justified,
and under notice of not less than five nor more than ten
days.   It does not appear that any notice of justification has
been served on the other side, or that the bail have justi-
fied.   The right to substitute an undertaking, with sureties,
in the place of the money deposited, does not depend upon
the favor of the court.   It is given by the express provisions
of the Code.   The party should give bail to the sheriff, just
as he would in the first instance, if no deposit had been
made.   The plaintiff should have an opportunity to except
to the sureties, and he has ten days in which to do this, after
receiving from the sheriff a copy of the undertaking.

After the justification of the sureties, the application for the
deposit may be made.

In addition to this, there is no provision of law authorizing
the money to be paid to any person other than the defendant
himself.   The application in this case is, that the money be
refunded, not to defendant, but to J. Aaronson, who, it is
claimed, deposited the same with the sheriff, to procure the
defendant's discharge from arrest.   This the court is not
authorized to do.   There is a *per curiam* decision in *Nunn*
agt. *Powell* (1 *Smith's Reports*, 13), seemingly to the con-
trary; but this was in a contest between the depositor, a
third party, and the defendant, after special bail *had been
perfected*, there being no other claimants.

In *Eddsten* agt. *Adams* (2 *Moore*, 610), it was held, that the money should be refunded to *the defendant*. In the latter case, the money had been deposited by a friend of the defendant, and was claimed by the assignees of the defendant, who had become bankrupt. BURROUGHS, Justice, said: "The sum in question must be considered in *custodia legis*, and the court, by statute, are empowered to refund it to the defendant alone." These cases arose under the statute (43 *G. III*, *ch.* 44), which contains provisions on the subject, in many respects similar to the sections of the Code under consideration.

In *Salter* agt. *Weiner* (6 *Abb.* 191), it was held, that the money, by being deposited, became the property of the defendant. There is good reason for such opinion, as the money is substituted for the person of the defendant who is under arrest. It is practically so, at least until bail is put in and justified, and it may be taken and applied to the satisfaction of the judgment against defendant, when entered. (§ 200).* In the event that there were no conflicting claims made to the money by the defendant, or others, the court could doubtless, at a proper time, make an order to pay the deposit to a third party, who had advanced it for the benefit of the defendant, on his arrest. (*Douglass* agt. *Stanbrough*, 3 *Adol. & Ellis*, 316; *Buell* agt. *Turner*, 1 *Mee. & W.* 47.)

The case before me does not show a state of facts which would at present authorize the refunding of the money to any person.

The other objections raised by plaintiff, that the motion is too late, on the ground that judgment has been already ordered in the action for the plaintiff's claim, although the record is not yet actually filed, and that the moneys have been attached as the *defendant's property*, are not necessary to be considered in the view that I have taken of the question.

Motion denied.

---

* NOTE. In Voorhies' edition of the Code, in a note to section 200, p. 384, "It is said, that this decision was reversed on appeal." But such reversal, if made, does not affect the above authority, as the motion in this case was denied, as it appears, on the ground that it was made *before the bail had justified.*—REP.