THE PEOPLE, ex rel. WILLIAM R. GILBERT, Respondent, *v.* HENRY B. LAIDLAW, County Treasurer, etc., Appellant.

Where, in lieu of bail in a criminal action, money is deposited as authorized by the Code of Criminal Procedure (§ 586), it is for the purposes of the action to be considered as the money of the defendant, and although it was in fact furnished by a third person it may be applied in payment of any fine imposed upon the defendant.

An appeal to this court from an order of General Term reversing a judgment of Special Term and granting a new trial after trial of issues of fact in *mandamus* proceedings, is not an appeal from an order included in the provision of the Code of Criminal Procedure (§ 192) authorizing appeals from certain orders to be put on the motion calendar and heard as motions; it should be placed upon the general calendar.

(Submitted June 15, 1886; decided June 25, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 29, 1886, which reversed a judgment entered upon a decision of the court on trial at Special Term.

The nature of the proceeding and the material facts are stated in the opinion.

*David J. Dean* for appellant. Assuming that the $300 belonged to Gilbert, by depositing it in lieu of bail, he made it subject to all the contingencies which the statute provides shall

attend moneys so deposited, and is chargeable with knowledge of the statute under which he made the deposit and by virtue of which alone such a deposit could be made. (Code of Crim. Pro., § 586.) The judgment imposed upon Nye was not irregular, and even if it were, the relator could not take advantage of its irregularity in this collateral proceeding. (Code of Crim. Pro., § 718.)

*George Norris* and *Walter R. Beach* for respondent. The purpose and object of bail, whether it be the prisoner's own recognizance or a bail bond executed by another, is only to insure the appearance of the prisoner at the trial; he "shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof." (Code of Crim. Pro., § 568.) Had the relator executed an undertaking of bail the same could have been forfeited and the relator held for the amount thereof, only in case the prisoner had failed to "appear and answer the charge," or had failed "to render himself amenable to the orders and process of the court," or had failed, if convicted, to "appear for judgment" or to "render himself in execution thereof." (Code of Crim. Pro., § 568.) The money deposited by relator "as security for the prisoner's appearance, and instead of said undertaking of bail," would be forfeited under the same circumstances and not otherwise. (Code of Crim. Pro., § 593.) A thing within the letter of the statute is not within the statute unless it be within the intention of the makers. (*People* v. *Utica Ins. Co.*, 15 Johns. 358, 381; *People, ex rel.* v. *Com'rs of Taxes*, 95 N. Y. 554.)

EARL, J. Charles Nye, having been arrested in the city of New York on the charge of assault, was held to bail by a police justice in the sum of $300 for his appearance for trial at the Court of Special Sessions. The relator, Gilbert, was offered as bail, but for some reason was not accepted, and he then deposited with the county treasurer $300, the amount of bail required, and took from him the following certificate

signed by him : " Whereas, heretofore, and on the 30th day of
December, 1884, an order was made by Justice Smith, first
district police, admitting the above-named defendant to bail on
giving an undertaking, in the sum of $300, on a certain charge
of assault.    This is to certify that William R. Gilbert, for the
defendant above named, has deposited with me the amount of
$300, the sum mentioned in said order as security for his
appearance pursuant to such order, instead of the said under-
taking of bail, pursuant to section 586 of the Code of Criminal
Procedure."    A few days thereafter Nye appeared at the
Court of Special Sessions for trial and was convicted and sen-
tenced to pay a fine of $250.    The fine was ordered to be paid
from the money deposited with the county treasurer, and the
surplus of the deposit was ordered to be refunded to the
defendant, and the fine was so satisfied.    Thereafter Gilbert
applied for a writ of alternative *mandamus*, addressed to the
county treasurer, commanding him to return to him the $300,
or to show cause.    The defendant filed a return to the writ,
and the issue thus formed came on for trial, and it was shown,
among other things, that the money deposited with the county
treasurer was in fact Gilbert's money and was not by him
actually loaned to the defendant.    But the trial judge decided
that the relator was not entitled to the writ of *mandamus* and
rendered judgment against him for costs.    From that judg-
ment he appealed to the General Term, and there the judgment
was reversed and a new trial granted ; and then, by leave of the
court first obtained, the defendant appealed to this court and
embodied in his notice of appeal an assent, that in case the
order should be affirmed, judgment absolute should be rendered
against him.

It is to be observed that this appeal was not properly upon
the motion calendar.    It is not an appeal from such an order
as is mentioned in section 192 of the Code.    The appeal to the
General Term was from a judgment after trial of the issues
joined, and the appeal to this court is from an order reversing
that judgment and granting a new trial.    Such appeals are re-
quired to be placed upon the general calendar.    If this were

to be treated as a special proceeding, then there could be no appeal to this court as the order is not a final one. But as the case has been submitted and is now before us, we will dispose of it upon its merits. This must not, however, be a precedent for the repetition of such practice.

Section 568 of the Code of Criminal Procedure prescribes the form of the undertaking of bail when bail is authorized to be taken in criminal cases by a magistrate, and subsequent sections specify the qualifications of bail and provide how they are to justify. Section 586 is as follows: "The defendant at any time after an order admitting him to bail, instead of giving bail, may deposit with the county treasurer of the county in which he is held to answer, the sum mentioned in the order; and upon delivering to the officer in whose custody he is a certificate of the deposit, he must be discharged from custody." This section authorizes the deposit to be made by the defendant and by no one else, and considering this section and other sections, we think it was the plain purpose of the statutes to require that the money thus deposited should, for the purposes of the deposit, in fact be the money of the defendant. Section 587 provides, that if the defendant has given bail he may, at any time before the forfeiture of the undertaking, in like manner deposit the sum mentioned in the undertaking. Section 588 provides, " if money be deposited as provided in the last section, bail may be given in the same manner as if it had been originally given upon the order for admission to bail, at any time before the forfeiture of the deposit. The court or magistrate before whom the bail is taken must thereupon direct, in the order of allowance, that the money deposited be refunded by the county treasurer to the defendant; and it must be refunded accordingly." Section 592 provides, "that if money has been deposited instead of bail, and the defendant at any time before the forfeiture thereof surrender himself to the officer to whom the commitment was directed, in the manner provided in section 590, the court must order a return of the deposit to the defendant, upon producing the certificate of the officer showing the surrender, and upon a notice of five days to the

district attorney, with a copy of the certificate." Then section 589 provides, " that when money has been deposited, if it remain on deposit and unforfeited at the time of a judgment for the payment of a fine, the county treasurer must, under direction of the court, apply the money in satisfaction thereof ; and after satisfying the fine, must refund the surplus, if any, to the defendant.'' All these sections treat the money deposited as belonging to the defendant, and in all cases where money is deposited in lieu of bail it may be applied in payment of any fine imposed, and the surplus, if any, after the fine has been satisfied, must be returned to the defendant. The relator when he deposited this money must be assumed to have known the provisions of these statutes, and the deposit must have been made in compliance with them. There is no authority for the county treasurer to take a deposit in lieu of bail except by virtue of these statutes, and the deposit must be made in strict compliance with the statutes. The statutes may have been framed as they are for the very purpose of avoiding a dispute like that which has arisen in this case. If the contention of the relator be upheld, then disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned, and the court cannot know in passing sentence, or in making its order, whether the money is properly applicable upon the fine imposed. It is, therefore, wiser that the provisions of the statute should have their obvious meaning, *to-wit :* The money is deposited as the money of the defendant, and if a fine is inflicted upon him it may be used to pay the fine, and the surplus is to be returned to him. When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purposes of the statute, and to the use of the defendant. The certificate which was issued to the plaintiff in this case certifies that the money was deposited for the defendant. It must, therefore, be treated as if it were furnished to the defendant and the deposit had been made by him. So far as the relator is deprived of his money, it is by his voluntary act and implied assent.

We see no fatal informality in the proceedings of the police magistrate, and we are, therefore, of opinion that the order of the General Term should be reversed, and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.