[No. 11975.   Department Two. — February 10, 1887.]

R. R. BROWN, PETITIONER, *v.* SUPERIOR COURT OF SAN BENITO COUNTY, RESPONDENT.

CRIMINAL LAW — MISDEMEANOR — JUSTICE'S COURT — ORDER SUSTAINING DEMURRER — APPEAL — TRIAL IN SUPERIOR COURT. — The petitioner was prosecuted in a Justice's Court for a misdemeanor.   He demurred to the complaint, and his demurrer being overruled, pleaded not guilty. The court subsequently set aside the order overruling the demurrer, and entered one sustaining it.   On an appeal by the prosecution, the Superior Court reversed the order sustaining the demurrer.   *Held,* that the Superior Court had no jurisdiction to proceed with the trial of the petitioner, but should have remanded the cause to the Justice's Court with instructions to overrule the demurrer.

APPLICATION for a writ of prohibition.   The facts are stated in the opinion of the court.

*McCroskey & Hudner,* and *M. T. Dooling,* for Petitioner.

*G. B. Montgomery,* and *N. C. Briggs,* for Respondent.

McFARLAND, J.—Application for writ of prohibition.

The petitioner was brought before the court of a justice of the peace upon a complaint charging a misdemeanor, of which the court had full jurisdiction. He demurred to the complaint, and the court overruled his demurrer, whereupon he made and had entered a plea of not guilty. Afterward the court, of its own motion, set aside its order overruling the demurrer, and entered an order sustaining it. The people then appealed to the Superior Court, and the petitioner there confessed that the justice erred in sustaining the demurrer, and asked that the cause be remanded to the Justice's Court, to be there tried upon the said plea of "not guilty" already therein made and entered. The Superior Court refused to remand the cause, and made an order reversing the action of the Justice's Court in sustaining the demurrer and ordering petitioner to plead in the Superior Court. Petitioner refused to plead, upon the ground that the Superior Court had no jurisdiction to receive the plea or to try the cause. The court thereupon ordered a plea of "not guilty" to be entered for petitioner, and set the cause for trial, and this proceeding is brought to prohibit said Superior Court from proceeding to try the petitioner.

In cases like the one under review, the Justice's Court is the court of original jurisdiction; the Superior Court is the appellate court. The relation between them is very similar to that existing in other cases between the Superior Courts and the Supreme Court. There is one marked difference, which is, that when on appeal from a Justice's Court a *new trial* is granted, the new trial must be had in the Superior Court. (Pen. Code, sec. 1469.) But a new trial in a criminal case is a re-examination of the issue "before another jury after a verdict has been given." (Pen. Code, sec. 1179.) Clearly, therefore, there cannot be a trial in a Superior Court before a jury upon issues of fact raised by the plea of "not guilty" before

there has been such a trial in the lower court. To hold otherwise would be to convert the Superior Court into a court of original jurisdiction in such cases, and to deprive the defendant of his right to be first tried in the court to which the law assigns his case, and of his right afterward to appeal to the proper appellate court.

The objection made by respondent, that there is no machinery provided by the code by which the Superior Court can transmit its rulings and directions to the lower court, is not well taken. Section 1467, Penal Code, provides that "the appeal is taken, heard, and determined as provided in title 9, part 2, of this code." Said title 9 contains the full method of procedure on appeals in criminal cases from the Superior Courts to the Supreme Court, and among its provisions will be found ample means for the disposition of an appeal of any character taken to the Superior Court from the court of a justice of the peace. In the case at bar the respondent should have remanded the action to the court below, with instructions to overrule the demurrer, but it has no jurisdiction to itself try the case as it proposes to do.

The parties have assumed that a demurrer to a complaint in a criminal case in a Justice's Court is a proper pleading. As the code does not provide for a demurrer in such a case, it may be a question whether or not a court should entertain it at all. That question, however, would not affect the result in this present proceeding.

Let a writ of prohibition issue as prayed for.

TEMPLE, J., and THORNTON, J., concurred.