EDWARD P. DOANE, PROSECUTOR, v. GEORGE H. DAL-
RYMPLE.

Argued June Term, 1909—Decided December 18, 1909.

In lieu of bail in a bastardy proceeding the police magistrate accepted
$500 cash and released the defendant, who thereafter was con-
victed before the magistrate as the putative father of a bastard
child; and the conviction was subsequently affirmed on appeal.
The defendant then absconded and the plaintiff, alleging himself
to be the person who paid the money into court, seeks its repay-
ment to him by the magistrate. *Held*, that the deposit, in con-
templation of law, was made by defendant, and that he or his
creditors alone have the legal *status* to claim it upon a writ of
*certiorari* to the magistrate.

Before a single justice upon writ of *certiorari* by consent
of counsel.

For the prosecutor, *Ward & McGinnis*.

For the defendant, *Adrian D. Sullivan* and *William R.
Ryan*.

The opinion of the court was delivered by

MINTURN, J.   The defendant, as police magistrate of the
city of Passaic, accepted $500 cash from one Roswell P. Fox
in lieu of the statutory bail upon a bastardy complaint against
the latter before the magistrate. ·The usual form of recog-
nizance was entered into by the defendant and this prosecutor,
in which the payment of the $500 in lieu of bail is recited.
The defendant was convicted before the magistrate and there-
after entered an appeal to the Passaic Quarter Sessions,
where his conviction was affirmed; and thereafter, instead of
complying with the provisions of the Bastardy act by entering
into bond to abide by the order of the court for the support
of his putative offspring, he absconded, leaving the police
magistrate in possession of the $500 deposited as aforesaid.

The prosecutor in this writ is the surety before the police justice, and he avails himself of the efficacy of the writ to test the legality of the ruling of the police magistrate, viz., that he holds the sum in question as forfeited by the defendant's act to the use of the city.

While it is true, as the prosecutor contends, that this ruling may afford a ground for review by the writ of *certiorari,* my difficulty at the very outset is to perceive how the prosecutor has any standing to avail himself of it. I do not consider it necessary to review the provisions of the Bastardy act to determine the power of the magistrate to accept cash bail. I find that power conferred specifically by sections 25 and 111 of the laws of 1898. *Pamph. L., pp.* 875 and 907. But whether that power was conferred by the act referred to or not, I find as a fact that the sum of $500 was deposited with the police magistrate in lieu of bail, and that the magistrate accepted the deposit and thereupon released the defendant. The authorities are uniform that a deposit made as was this is considered as the personal deposit of the defendant, and if its payment was unauthorized by law it could be recovered only by the defendant or by his creditors. 3 *Am. & Eng. Encycl. L.* 682; *People* v. *Laidlaw,* 102 *N. Y.* 588.

Even if the argument of counsel for the prosecutor be accepted, viz., that there is no statutory power to accept cash bail, and that the payment thereof was consequently unauthorized and voluntary, still the deposit can be returned only to the defendant, even though made in fact by a third person. 5 *Cyc.* 27, and cases cited.

Therefore it results that this deposit in legal contemplation was made by the defendant in the bastardy proceedings; and that he, and not this prosecutor, has the legal *status* necessary to test the adjudication of the police magistrate in retaining it.

The writ, therefore, will be dismissed, with costs.