[Civ. No. 1077.   Second Appellate District.—November 10, 1911.]

# FRANCINE LA PORTE, Petitioner, v. WARREN L. WILLIAMS, Justice of the Police Court of the City of Los Angeles, Respondent.

Prohibition—Fine in Police Court—Appeal—Affirmance Without Notice—Application of Bail Money to Fine—Ground for Writ Not Shown.—Where the petition and affidavit for a writ of prohibition sets forth a conviction of the petitioner for vagrancy in the police court, a fine therefor, and that, upon her appeal to the superior court upon a statement of the case, the judgment was affirmed, without notice, and that, without waiting ten days, that court immediately certified its judgment to the police court, the justice of which will apply the bail money to the fine, unless prohibited, but does not state that the petitioner had no notice of the hearing of the appeal, no ground appears upon which the writ of prohibition will lie.

Id.—Notice of Rendition of Decision upon Appeal not Required.—When a defendant appeals from a justice's or police court to the superior court, it is not essential that the defendant or his counsel shall have notice, after the hearing of the appeal, when the judgment and decision will be entered. No good reason appears why the defendant and his counsel should be present at the decision, or how they could avail themselves of any rights by such notice.

Id.—Ten Days' Delay not Allowed—Prompt Action Required upon Decision—Mode of Procedure.—The method of procedure upon an appeal, in a criminal case, from the justice's court or the police court to the superior court is controlled by part II, title IX, of the Penal Code, section 1264 of which title provides that, when the judgment of the appellate court is given, it must be entered in the minutes, and a certified copy of the entry, with a certified copy of the opinion attached thereto, forthwith transmitted to the court from which the appeal is taken.

Id.—Allowance of Application of Bail Money.—Section 1297 of the Penal Code authorizes the application of money deposited as bail in satisfaction of a fine, and the refunding of the surplus, if any, to the defendant.

PETITION for a writ of prohibition to a justice of the police court of the city of Los Angeles.   Warren L. Williams, Justice.

The facts are stated in the opinion of the court.

G. F. McCulloch, for Petitioner.

THE COURT.—The petition and affidavit set forth the arrest of petitioner for vagrancy, her plea of not guilty, and the trial and conviction before a justice of the police court. From this an appeal was taken to the superior court on a statement of the case as provided by section 1468 of the Penal Code. This appeal was heard in the superior court and the judgment affirmed. It is averred that without waiting ten days, the superior court certified its judgment to the court below, and that the justice will apply the bail money to the extent of the fine in execution of the judgment. This petition prays that the justice be prohibited from so doing.

It is not claimed that defendant and her counsel had no notice of the hearing upon the appeal, but simply that they had no notice of the time when the court rendered its judgment and decision. We are not advised that when an appeal is taken from a justice's or police court upon a statement of the case, it is essential that the defendant or his counsel have notice after the hearing when the judgment and decision will be entered. No good reason suggests itself why they should be present, or how they could avail themselves of any rights by such notice. There is nothing in the contention that the superior court should not transmit its findings and judgment to the lower court for ten days. The method of procedure on appeal in criminal cases from justices' and police courts is controlled by part II, title IX, of the Penal Code. (*Brown* v. *Superior Court,* 72 Cal. 16, [13 Pac. 70].) Section 1264 of the title above named provides that when the judgment of the appellate court is given, it must be entered in the minutes, and a certified copy of the entry, with a copy of the opinion attached thereto, forthwith remitted to the court from which the appeal is taken. Section 1297 of the Penal Code authorizes the application of money deposited as bail in satisfaction of a fine, and the refunding of the surplus, if any, to the defendant.

We see no merit in the application and the same is denied.