ROWAN v. RANDOLPH, U. S. Marshal for Eastern District of Wisconsin.

(Circuit Court of Appeals, Seventh Circuit. November 1, 1920.)

No. 2898.

**Bail ⊕73—Court has no discretion to refuse cash bail.**

The bail authorized by Rev. St. § 1014 (Comp. St. § 1674), is not limited to the common-law bail, and it is not within the discretion of the trial court to refuse a deposit by accused in cash of the amount of bail required, and to require the giving of a bail with security.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Habeas corpus proceeding by Charles H. Rowan against Samuel W. Randolph, United States Marshal for the Eastern District of Wisconsin, to secure the discharge of petitioner from custody on a cash bail. Petition for writ denied, and petitioner appeals. Reversed and remanded.

See, also, 268 Fed. 527.

Raymond J. Cannon and A. W. Richter, both of Milwaukee, Wis., for appellant.

H. A. Sawyer, of Milwaukee, Wis., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The parties here are the same as in No. 2890, 268 Fed. 527, in which the opinion of this court was filed on October 7, 1920, wherein it was held that appellant was entitled to be admitted to bail, and that it was the duty of the court to use his sound discretion, under the law and in light of the facts, in fixing the amount of the bail.

Upon a new application to fix bail, the District Court ordered that petitioner here be discharged from custody upon filing recognizance,

with sufficient surety, in the sum of $50,000. Thereupon petitioner tendered to the court $50,000 in cash, but no surety, and demanded to be released thereon. His petition for writ of habeas corpus to enforce that demand was denied, and this is an appeal therefrom.

The sole question here is as to whether or not it is within the judicial discretion of the District Judge to refuse to accept the cash bail. The penalty of the bond is payable in money, and in all such cases money is the best possible security. It is evident from a reading of section 1014, Revised Statutes of the United States (Comp. St. § 1674), that it was not within the mind of Congress to limit the bail solely to the old common law form. In discussing section 1014, the Supreme Court of the United States, in Leary v. United States, 224 U. S. 567, 32 Sup. Ct. 599, 56 L. Ed. 889, Ann. Cas. 1913D, 1029, said:

"It is said that the bail contemplated by the Revised Statutes (section 1014) is common-law bail, and that nothing should be done to diminish the interest of the bail in producing the body of his principal. But bail no longer is the mundium, although a trace of the old relation remains in the right to arrest. Rev. St. § 1018. The distinction between bail and suretyship is pretty nearly forgotten. The interest to produce the body of the principal in court is impersonal and wholly pecuniary. If, as in this case, the bond was for $40,000, that sum was the measure of the interest on anybody's part, and it did not matter to the government what person ultimately felt the loss so long as it had the obligation it was content to take. The law of New York recognizes the validity of contracts like the one alleged, and without considering whether the law of New York controls we are content to say merely that the New York decisions strike us as founded in good sense. Maloney v. Nelson, 144 N. Y. 182, 189; s. c., 158 N. Y. 351, 355."

We are of opinion that in those cases where the penalty of the bond is payable in money, and money to the amount thereof is tendered as security, together with a recognizance, they should be accepted, and it is not within the discretion of the court to reject them.

The order is reversed, and the cause remanded for further proceedings in consonance with this opinion.