**UNITED STATES v. WIDEN et al.**
No. 19199.

District Court, N. D. Illinois, E. D.
March 8, 1930.

George E. Q. Johnson, U. S. Atty., and Lyman W. Sherwood, Asst. U. S. Atty., both of Chicago, Ill.

George L. Quilici, of Chicago, Ill., for defendant Widen.

LINDLEY, District Judge.

The defendant Widen, having been indicted, on April 3, 1929, gave bond for his appearance in the sum of $1,500 by executing his written recognizance, which recited that Liberty bonds to the amount of $1,500 had been deposited with the clerk as security for the performance of the bond and that said bonds were made a part of the recognizance. At the same time, the clerk issued to defendant a, receipt for the Liberty bonds as bail for himself. Thereafter, on November 26, 1929, the defendant was sentenced to serve thirty days in jail and to pay a fine of $200 and committed to jail until the fine was paid. Execution of the sentence was suspended until November 29th, whereupon defendant surrendered and served his jail sentence.

Thereafter, on January 23, 1930, Greenberg filed in this court his petition setting up that the bonds deposited by defendant are in fact the property of petitioner and asking that the court direct these bonds be surrendered to him.

The government moved to strike the petition, and; by stipulation of the parties, the court heard the evidence under agreement that if the motion to strike should be disallowed then an answer of the government filed on January 27, 1930, and thereafter withdrawn, should be refiled as of the date of the hearing and the case considered upon the issues thus drawn.

It is the law of the federal court in the Seventh Circuit that the bail authorized by Rev. St. § 1014 (18 USCA § 591), is not limited to common-law bail and that the trial court has no discretion to refuse a deposit by the accused in cash of the amount of bail required and to require the giving of a bail with security. Rowan v. Randolph, 268 F. 529 (C. C. A. 7). It is further to be observed that under the recent decision in the case of Detroit Fidelity & Surety Co. v. U. S., 36 F. (2d) 682 (C. C. A. 6), the suspension of execution of a sentence until a definite date is not an alteration of the recognizance releasing the surety and that the bond remains in full force until discharged by satisfaction thereof.

In this situation it is insisted that the criminal law confers upon this court no jurisdiction to consider intervention by a stranger to the record. Greenberg is not a party to the suit. He does not appear upon the court record as a bondsman, but is a stranger who files his intervening petition praying that the court may find that, though these bonds were presented by the defendant and the receipt therefor given to him, the petitioner is in fact the owner thereof and that the clerk holds the same in trust for him and should be ordered to deliver the same to him. To allow this petition would be to exercise a jurisdiction in the nature of an equitable jurisdiction and to determine the alleged beneficiary's rights in and to funds that come into the court only in a criminal cause.

At common law intervention was not recognized. See 20 R. C. L. 683, § 21; 2 Bates on Fed. Proc. § 1042, p. 728. Jurisdiction of intervening petitions came to be recog-

nized only in courts of chancery. No federal statute has been enacted which has modified this common-law rule in the federal courts. In the case of McKemy v. Supreme Lodge A. O. U. W., 180 F. 961, 965, the Court of Appeals for the Sixth Circuit held that persons interested in money deposited with the court in an action at law cannot intervene for their own protection; that the court in such a common-law action has no jurisdiction to inquire into the ownership of and to distribute the funds amongst the various beneficiaries entitled thereto. The court said: "This is a suit at law. We know of no principle which permits parties interested in a fund sought to be recovered in a suit at law to intervene in such suit for their own protection. * * * A court of law cannot distribute the fund amongst the various beneficiaries entitled thereto. * * * The distinction in the courts of the United States between causes of actions at law and in equity is matter of substance and not of form."

Obviously, therefore, Congress not having enlarged the jurisdiction of a court of criminal law to the extent that it may exercise equitable jurisdiction, there is no theory upon which a stranger to the record may intervene in this suit. If petitioner has any remedy, it must be in an appropriate form of action in a plenary suit, such as mandamus, injunction or other remedy. Therefore the motion to strike the petition should be, and is hereby, allowed.

In view of the fact that the parties have by stipulation, as aforesaid, presented the evidence to the court in order properly to determine the merits of the situation, in order that future controversy of the same character may be avoided, it is only proper to state that the court is of the opinion further that, if it be in error as to the right of the petitioner to file an intervening petition and the jurisdiction of the court to entertain the same, if the court has jurisdiction, the facts are not such as to warrant the relief prayed for.

■ Considerable force attaches to the government's position that to allow the facts alleged to be proved is to allow the judgment roll of this court to be impeached, that the judgment roll imports incontrovertible verity in all proceedings which it sets forth and that such judgment roll cannot be impeached in a court of law. See 4 Wigmore on Evi. § 2450, p. 3456, quoting Chief Justice Ellenborough in Ramsbottom v. Buckhurst, 2 M. & S. 565; and section 2425, p. 3409; section 2431, at p. 3428; McNamara v. People, 183 Ill. 164, 55 N. E. 625.

Independent of this proposition, however, it seems to be quite generally the rule that where the law permits the deposit of money or its equivalent as security for bail, such bail money deposited by a third person for the defendant becomes the defendant's money for all purposes of the deposit. Whiteaker v. State, 31 Okl. 65, 119 P. 1003; State v. Wisnewski, 134 Wis. 497, 114 N. W. 1113; 3 R. C. L., p. 30, § 34; Doane v. Dalrymple, 79 N. J. Law, 200, 74 A. 964; Hermann v. Aaronson (N. Y.) 3 Abb. Pr. (N. S.) 389, 34 How. Pr. 272; Zimmerman v. Peirpont, 17 Phila. (Pa.) 53; 2 Lanc. Law Rev. 177; Edelston v. Adams, 8 Taunt. 557. In such cases the law conclusively presumes that the deposit is a personal one of the defendant, and it can be recovered only by him and not by his surety. State v. Owens, 112 Iowa, 403, 84 N. W. 529; People v. Laidlaw, 102 N. Y. 588 at page 592, 7 N. E. 910; 6 C. J. 1024. The facts in the instant case appeal even more strongly in support of the rule quoted, for here the petitioner is a stranger to the record.

■ It is generally held also that where money or similar property has been so deposited by the defendant as security for his appearance, in view of the fact that the court may issue an execution to recover the fine and levy upon the money or chose in action deposited to satisfy the judgment of the court, the court may direct that the fine be paid out of the fund so deposited. 3 R. C. L. § 33, p. 30; State v. Owens, 112 Iowa, 403, 84 N. W. 529; People v. Laidlaw, 102 N. Y. 588, 7 N. E. 910; State v. Ross, 100 Tenn. 303, 45 S. W. 673.

Thus, upon the reasoning that when defendant deposited his funds as security the law presumed that the same were his, that the court may not entertain the petition of a third person to vary such presumption, that the property of defendant is subject to execution for the enforcement of the judgment, it follows that the bonds deposited are subject to be applied to the payment of the fine. Indeed, counsel for petitioner concede that if the court must hold that the bonds were the property of the defendant the government may, by proper procedure, enforce payment of the fine out of the same.

It follows that the petitioner may not recover, and that the government should have an order directing the sale of so much of the bonds deposited as shall be sufficient to satisfy the unpaid judgment for a fine. Appropriate order may be presented.