## UNITED STATES v. WERNER.
### No. 4463.

District Court, N. D. Oklahoma.
Feb. 10, 1931.

John M. Goldesberry, U. S. Dist. Atty., and Harry Seaton, Asst. U. S. Atty., both of Tulsa, Okl.

Travis I. Milsten and J. D. Johnston, both of Tulsa, Okl., for defendant.

KENNAMER, District Judge.

Louis Werner and others were indicted charged with the crime of conspiracy to violate the National Prohibition Act, possession and sale of intoxicating liquors. The defendant, Louis Werner, was allowed bond in the sum of $5,000. The defendant and his brother, William Werner, signed an appearance bond, and William Werner deposited with the United States marshal the sum of $5,000 to be deposited with the clerk of said court, taking from the marshal the following receipt:

"Tulsa, Oklahoma, June 28, 1930.

"Received from William Werner the sum of $5000.00 in currency for a cash bond in the case of United States vs. Louis Werner said bond having been signed by Louis Werner as principal and William Werner as Surety.

"John Vickery, United States Marshal.
"By A. R. Cottle, Chief Deputy."

The defendant, Louis Werner, entered a plea of guilty and was sentenced to eight months in jail and to pay a fine of $2,500. The United States marshal deposited the $5,000 cash with the clerk of said court, who made the following record of said deposit: "June 30, 1930. $5000.00 cash deposited to credit of Louis Werner and delivered to Clerk by A. R. Cottle, Chief Deputy U. S. Marshal."

William Werner has filed an application in said cause praying an order of the court directing the clerk to repay to him the $5,000 deposited as cash bail for the appearance of Louis Werner in said court. To this application the United States district attorney has filed objections, and requested the court to direct the clerk to first satisfy said fine of $2,500 assessed against Louis Werner out of said cash deposited in lieu of bail. It is plain from the record of the deposit that the defendant, Louis Werner, was released from custody because of the deposit of the $5,000 in cash, which took the place of qualified sureties upon his bond.

Section 591, title 18, USCA, provides: "For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any United States commissioner * * *, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense." It is manifest from the provisions of this statute that it was intended to follow the usual mode in force in the state where the defendant is charged, in arresting, committing, and allowing such offender bail. In the case of Rowan

v. Randolph, U. S. Marshal for the Western District of Wisconsin, 268 F. 529 (7 C. C. A.), it was held: "The bail authorized by Rev. St. § 1014' (Comp. St. § 1674 [18 US CA § 591]), is not limited to the common-law bail, and it is not within the discretion of the trial court to refuse a deposit by accused in cash of the amount of bail required, and to require the giving of a bail with security." See Leary v. United States, 224 U. S. 567, 32 S. Ct. 599, 56 L. Ed. 889, Ann. Cas. 1913D, 1029.

Section 2925, Compiled Oklahoma Statutes Ann. 1921, provides: "A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail and upon such deposit the defendant must be discharged from custody." In the case of Whiteaker v. State, 31 Okl. 65, 119 P. 1003, it was held that the cash deposit in lieu of bail would be conclusively presumed to be the money of the defendant and treated accordingly. This rule seems to be supported by the weight of authority. People ex rel. Gilbert v. Laidlaw, County Treas., 102 N. Y. 588, 7 N. E. 910; Mundell v. Wells, 181 Cal. 398, 184 P. 666, 7 A. L. R. 383. In the case of United States v. Widen et al. (D. C.) 38 F.(2d) 517, 518, it was held: "Where the law permits deposit of money or its equivalent as security for bail, as does Rev. St. § 1014 (18 USCA § 591), bail money deposited for defendant by third person becomes defendant's money for all purposes of deposit, especially when depositor is a stranger to record; conclusive presumption being that deposit is personal one of defendant and recoverable only by him, not by his surety."

The application of William Werner to have the deposit of $5,000 paid to him is denied. The clerk of the court is directed to satisfy the judgment for fine against Louis Werner out of said fund. The remainder may be paid to William Werner upon the consent of the defendant, Louis Werner.