## Parry v. Folk

*John D. Hoffman,* for plaintiff.

*Lehman, Hamilton & Castellucci, M. P. Schantz* and *William G. Barthod,* for defendant.

McCLUSKEY, J., April 9, 1934.—This case comes before us sur rule to show cause why the defendant should not be permitted to surrender himself to the Sheriff of Northampton County and why cash bail should not be refunded and the bondsman relieved of further liability upon surrender of the defendant to the sheriff.

Plaintiff commenced his action in trespass for alienation of the affections of the plaintiff's wife by defendant, by issuing a capias ad respondendum. Special bail in the sum of $1,000 was allowed, which, by permission of the court, was later reduced to $500. Defendant furnished bond with his father, Charles W. Folk, as security. The father was not the owner of any real estate in Northampton County and therefore the bond was not satisfactory. The said Charles W. Folk borrowed $500 by discounting his promissory note, endorsed by one Thomas Frey, at Emaus National Bank. The cash bail, in the form of a cashier's check on said bank, the proceeds of said discounted note, was entered and deposited. The said Charles W. Folk endorsed said check and delivered it to John J. Snyder, Sheriff of Northampton County, and the defendant was

released from jail. A verdict was rendered in favor of the plaintiff in the sum of $200. On December 22, 1933, the court in banc denied defendant's motions for judgment n. o. v. and for new trial. The defendant alleges that, while the $500 was deposited as cash bail, it was given as collateral security for the bond filed and therefore, upon surrender of the defendant to the Sheriff of Northampton County the $500 should be refunded to the father, Charles W. Folk, and the bondsman released from liability on said bond.

The plaintiff contends that the money was deposited as cash bail and that no matter from what source the money is derived, in law it is considered the money of the defendant and is subject to payment of the judgment and costs, any surplus to be paid either to the defendant or on the defendant's order to the person claiming to have furnished the money. If the plaintiff's contention is correct, the rule must be discharged.

In the case of Commonwealth v. Atriano, 16 Northamp. 149, Andrew Fortini, the brother of the defendant, Atriano, was granted a rule to show cause why $300 deposited as bail by him for his brother, Fortini Atriano, should not be returned to him. That was a criminal case and was decided before there was any statute permitting a defendant in a criminal case to deposit cash bail. Nevertheless, the reasoning set forth in President Judge Stewart's opinion in that case is applicable to the matter at hand. The first paragraph of the syllabus of that case is as follows: "Where the record shows that the defendant deposited cash bail for his appearance in court, the money must be considered in legal contemplation to be the property of the defendant, and the petitioner is not entitled to a return of same."

And in the opinion Judge Stewart held, inter alia: "The money deposited, whether it was a gift, or a loan, if it be conceded that it originally was the brother's money, when it passed into the hands of the squire, became, in legal contemplation, the defendant's money, and has remained such ever since."

He cites in that opinion the case of People ex rel. v. Laidlow, Treasurer, etc., 102 N. Y. 588, setting forth the facts, and in reciting part of the opinion he says: " 'The money is deposited as the money of the defendant, and if a fine is inflicted upon him it may be used to pay the fine, and the surplus is to be returned to him. When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purposes of the statute, and to the use of the defendant. The certificate which was issued to the plaintiff in this case certifies that the money was deposited for the defendant. It must, therefore, be treated as if it were furnished to the defendant and the deposit had been made by him. So far as the relator is deprived of his money, it is by his voluntary act and implied assent.' "

Depositions in this case were taken by the court for the purposes of showing that the money deposited was the money of the father, Charles W. Folk, and not the money of the defendant, and for the further purpose of showing that while the court was not satisfied with the bond which was furnished in this case, it was satisfied when the father deposited $500 in cash which is claimed as collateral security to the bond. This testimony was objected to, but the court permitted it to be received. The court acknowledges its error in doing so, because this testimony is used to contradict the court's record.

A careful examination has been made of the record, and nowhere does it appear that the money deposited was deposited under any conditions other than as cash bail. Further, this court questions the right of the court to attach any conditions to the deposit of cash bail other than those contained in the act of assembly. The cash bail in this case was deposited by reason of the provisions

582

of sections 20, 21, and 22 of the Act of June 13, 1836, P. L. 568, 12 PS §§ 221-223. These read as follows:

"Section 20. It shall be lawful for the defendant in any writ of capias ad respondendum, either before or after arrest, or after bail given, and before the return of the writ, to deposit in the hands of the sheriff, in lieu of all bail, the sum in which bail is demanded, to abide the event of the suit, for which he shall be entitled to demand of such officer a receipt, and upon making such deposit, he shall be forthwith discharged from arrest in the action in which such deposit shall be made, and the liability of the bail, if any have been given, shall cease and determine.

"Section 21. It shall be the duty of the officer receiving such deposit, to make return of the fact, and to pay the sum deposited with him thereon, into court; and if the plaintiff in such writ shall fail in his action, the money so deposited shall be forthwith returned to the defendant, upon application made to the court for that purpose.

"Section 22. If judgment be rendered against the defendant in such action, the money deposited as aforesaid, or so much thereof as may be necessary, shall be applied by order of the court towards the satisfaction of such judgments, in like manner as money paid into court by a defendant in other cases."

It will be noted that, under section 20 of the Act of June 13, 1836, P. L. 568, the defendant is the only person who is permitted to deposit in the hands of the sheriff money in lieu of all bail, which must abide the event of the suit, and the defendant is the only person entitled to demand from the officer a receipt upon making such deposit. Under section 21 of the act, it is the duty of the officer receiving such deposit to make return of the fact and to pay the sum deposited with him into court, and in the event that the plaintiff shall fail in his action this money can be returned to the defendant, but only upon his application made to the court for that purpose. Section 22 provides that, if judgment is rendered against the defendant in the action, the money deposited, or so much of it as may be necessary, shall be applied by order of court towards the satisfaction of such judgment, etc.

In 6 C. J. 915, we find this statement concerning cash bail:

"After judgment, however, the surrender of defendant will not relieve money thus deposited, even though it is the money of a third person, although defendant may be entitled to a return of the excess of the money deposited over the amount of the judgment.

"Return of money deposited by third person. The cases under the statutes are somewhat conflicting as to whether money deposited by a third person will, when released, be repaid, upon motion, directly to the third person. It has been held that, except where authorized by statute, such cash deposit could be returned to no other person than defendant, even though deposited by a third person, although it has been held otherwise."

After a careful perusal of the cases of Commonwealth v. Atriano, 16 Northamp. 149, Zimmerman v. Pierpoint, 17 Phila. 53, and Van Fossen v. Maffei, 16 D. & C. 623, we are of the opinion that the law is well established in Pennsylvania that money deposited as bail with the sheriff in civil proceedings on a writ of capias ad respondendum is considered the money of the defendant, although deposited by a person other than the defendant. In the event of judgment being rendered against the defendant, it is subject to the payment of said judgment and costs, the excess, if any, to be returned to the defendant. It can be returned to another party only upon the assent of the defendant. Therefore, the rule granted in this case should be discharged.

And now, April 9, 1934, the rule heretofore granted, to show cause why the

defendant should not be permitted to surrender himself to the Sheriff of North-ampton County and why cash bail should not be refunded and the bondsman relieved of further liability upon the surrender of the defendant to the sheriff, is discharged at the cost of the defendant.

From Henry D. Maxwell, Easton, Pa.