UNITED STATES, Plaintiff-Appellant, v. Louis DAVIS (Defendant) and David Friedman (Surety), Defendants-Appellees.

No. 232.

Circuit Court of Appeals, Second Circuit.

April 30, 1943.

Mathias F. Correa, U. S. Atty., of New York City (Martin Klein and Stuart Z. Krinsly, Asst. U. S. Attys., both of New York City, of counsel), for the United States, appellant.

L. William Santasiere, of New York City, for David Friedman, surety-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

Order affirmed on opinion below, D.C., 47 F.Supp. 176.

CLARK, Circuit Judge (dissenting).

The precedents to date favor the Government's contention herein that a fine imposed on plea of guilt may be collected from United States bonds deposited as bail under 6 U.S.C.A. § 15; as stated by Phillips, J., in Bankers' Mortgage Co. of Topeka, Kan. v. McComb, 10 Cir., 60 F.2d 218, 221: "So long as the claims of the United States remain unsatisfied, bonds or notes deposited under section 15, supra, are conclusively presumed to be the property of the defendant and may be applied in satisfaction of the requirements of the bail bond, regardless of the claims of third persons." United States v. Widen, D.C.N.D. Ill., 38 F.2d 517; United States v. Werner, D.C.N.D.Okl., 47 F.2d 351; United States v. Heine,* D.C.E.D. Mich., July 27, 1942.[1] The able and vigorous opinion of the district court below, 47 F.Supp. 176, re-

jects this contention as shocking, and not to be countenanced in a civilized society, perhaps even as violative of constitutional rights. I venture to think, however, that the question does not rise to that dignity, but is only one of interpreting the terms upon which Congress may have wished to grant the privilege of this special type of bail, a privilege available only because of the statute. The statute cited, passed first in 1919, seems rather clearly to grant the privilege only to the person "required to furnish any recognizance," etc., with surety or sureties, for "such person may, in lieu of such surety or sureties, deposit as security" United States bonds, with an agreement authorizing their collection or sale in case of default in the performance of any of the conditions of the bonds; as soon as the security "is no longer necessary" the bonds shall be returned "to the depositor" (not to the owner), but nothing contained in the statute "shall affect or impair the priority of the claim of the United States against the bonds" or "shall affect the authority of courts over the security, where such bonds are taken as security in judicial proceedings." In view of this language, Judge Phillips' statement seems to me a reasonable interpretation of the legislative intent.

The opinion below does not discuss whether the priority granted over the fine exists only in favor of third-party claimants of the bonds or extends also to the accused. Conceivably the legislature could have adopted either course; but to my view, there are difficulties in each which lead me to hesitate to find any such legislative intent in the absence of its definite expression. If only a third person may claim the bonds without paying the fine, then the clerk of court must meet opposing claims of ownership—made after the criminal cause proper has reached an appropriate conclusion—which he is in no position to combat or to test adequately and with due regard to the interests of the United States. Even though he originally ac-

---

[1] The last case cited is now on appeal Sixth Circuit. † Appellant refers to another recent case as in accord, United States v. Abrasart, D.C.E.D.Ill., March, 1943 *. The particular point here involved was not discussed in Jacobson v. Hahn, 2 Cir., 88 F.2d 433, holding that bonds deposited as bail could not be held to satisfy income tax claims against the accused after he had been acquitted. Many state statutes provide for, or are construed to allow, collection of the fine from the cash bail; see 8 C.J.S., Bail, § 53, p. 109; 7 A.L.R. 389. The reasons in support are well stated in the leading case of People ex rel. Gilbert v. Laidlaw, 102 N.Y. 588, 7 N.E. 910.

---

†It was later decided, and is now reported in 135 F.2d 914.

* No opinion.

cepted the bonds in good faith from the accused, he has no effective means of disputing any claim now vigorously pressed on behalf of someone else—an opportunity for defeating society's interest in vindicating the enforcement of the criminal law which only the most naive of accused can be expected to overlook. But if the accused himself may also require refund without paying his fine, then we have the spectacle of a government official forced to turn over assets which the Government ought to seize on execution at once in collection of the fine, 18 U.S.C.A. § 569. In other words, a swiftly moving official by roundabout action may perhaps achieve that safeguarding of the public interest which would be more surely and more decorously secured by the direct course of deducting the amount due before the cash bail is refunded. If the direct course is permissible, as so many judges have believed, it is not an answer to say that it may hinder accused in their search to procure cash bail; a grant of a privilege may set its own bounds. Further, I venture to doubt that collection of the debt owed society will seem unusual or harsh to an accused and his friends or that the latter can be less easily enlisted for the duration of his difficulty than for the limited period of procuring his appearance only. Be that as it may, however, the governing statute seems to me neither to require nor to justify the qualifications urged by the defendant. I would reverse.