## RUDD v. UNITED STATES.
### No. 8265.

Circuit Court of Appeals, Seventh Circuit.
Nov. 30, 1943.

Rehearing Denied Dec. 29, 1943.

Heber T. Dotson, of Chicago, Ill., for appellant.

Ray M. Foreman, U. S. Atty., of Danville, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from a series of orders pertaining to the disposition of a fund of $2500 deposited as bail for one Rudolph Abrassart, who was indicted for violation of the Internal Revenue Laws pertaining to taxes on alcoholic liquors. Abrassart pleaded guilty to two counts of the indictment and was given a suspended sentence of a year and a day and a fine of $1000 on each of the two counts. The court on November 14, 1942, ordered that the two fines be paid by the clerk of the court out of the funds then in his hands in the Registry Account, theretofore received as cash bonds for the accused. Appellant thereupon on December 2, 1942, presented her petition to vacate the orders of November 14, in so far as they pertained to the payment of the fines by deduction from the cash bail on deposit, and praying that the clerk be directed to pay the $2500 to her. From the denial of her petition she prosecutes this appeal.

The fund in question was deposited when Abrassart executed his recognizance for appearance before the United States court.[1] It must be noted that appellant's name nowhere appears on the instrument which was signed by Abrassart alone. The record does disclose, however, that the $2500 was received by Western Union from appellant, and the United States Commissioner, in her transcript of proceedings before her, referred to the fund and appellant as sureties.

In her petition of December 2, to vacate the order of November 14, appellant represented herself as surety for Abrassart, stating that she forwarded the sum of $2500 as cash bail. After reciting that orders were entered instructing the clerk to pay the fines assessed against Abrassart out of the fund, her petition continues:

" * * * your petitioner is further informed, and believes, that representation was made to this Honorable Court that this particular cash was the property of the defendant, R. F. Abrassart and had been deposited by him, whereas, in truth and in fact, and petitioner represents the fact to be that, said cash was not furnished or deposited by the said R. F. Abrassart,

---

[1] "Be It Remembered, That on this 31st day of January A. D. 1942, before me, Marie Burnett, a United States Commissioner * * * personally came Rudolph F. Abrassart Principal and (Cash Bond) R. R. No. 3—St. Anne, Illinois Sureties and jointly and severally acknowledged themselves to owe the United States of America the sum of $2500, to be levied on their goods and chattels, land and tenements, if default be made in the condition following, to-wit:

"The Condition of this Recognizance is such, that if the said Rudolph F. Abrassart Principal shall personally appear before the District Court * * * on the first day of the March term, 1942, * * * and from day to day and from time to time thereafter, until finally discharged therefrom, then and there to answer the charge * * * and then and there abide the judgment of the said Court, and not depart without leave thereof, then this Recognizance to be void, otherwise to remain in full force and virtue."

(Signed) Rudolph F. Abbrassart.

and was not and is not his property, nor the property of any other defendant with whom the said R. F. Abrassart was later indicted.

"Petitioner further represents that she holds the receipt of Marie Burnett, United States Commissioner for the said $2,500 and also a receipt from the Western Union Telegraph Company, copies of which documents are attached hereto and respectively marked Exhibits 'A' and 'B', which receipts have been continuously in her or her attorney's possession since January 31, 1942 and have never been in anyone else's possession, custody or control.

"Petitioner further represents that she did not, and does not know the defendant R. F. Abrassart, nor any other defendant in this cause or with whom the said R. F. Abrassart was later indicted.

"Petitioner further represents that at no time did she agree to become liable or responsible for any fines imposed against the said R. F. Abrassart, or agree that the same might be paid out of the cash deposited with the United States Commissioner; that her sole responsibility was for the appearance of the said R. F. Abrassart before the United States Commissioner and not before any other body, or court nor in any other proceeding than that pending before the United States Commissioner and for no obligation other than that of the appearance of the defendant; that it was never intended that she should be liable for the payment of fines or for any other undertaking than that before the United States Commissioner; that there is no existing law, procedure, statute or rule giving the Court jurisdiction over the money of petitioner or of extending the liability or obligation of the surety beyond the duty of having the defendant appear and that the Court is without authority to compel the payment of the fines out of the cash bail deposited by petitioner.

"Petitioner further represents that the said orders were entered without her knowledge, consent or approval and that the same in justice to her should be vacated, set aside and held for naught.

"Petitioner further represents that the defendant appeared at all times required of him so to do and further represents, on information and belief, that the said R. F. Abrassart had made arrangements and had agreed to be a witness for the government by and with the consent of the United States Attorney for Eastern District of Illinois.

"Wherefore, your petitioner prays that the orders of November 14, 1942 insofar as they pertain to directions to the Clerk of this Court paying two fines assessed against R. F. Abrassart by deducting the said fines from the cash bail on deposit with the Clerk be vacated, set aside and held for naught and that the United States District Court Clerk be directed to pay to petitioner the sum of Two Thousand Five Hundred ($2,500.00) deposited by her."

The court denied the petition for reasons stated in United States v. Widen, D. C., 38 F.2d 517, and United States v. Werner, D.C., 47 F.2d 351. In both of these cases, United States District Courts (in Illinois and Oklahoma) held that where the law permits the deposit of money or its equivalent as security for bail, such money deposited for a defendant by a third person becomes the defendant's money for all purposes of deposit, especially when the depositor is a stranger to the record, the conclusive presumption being that the deposit is the personal one of the defendant, and recoverable only by him and not his surety. In the Widen case [38 F.2d 519], Judge Lindley said, "Thus, upon the reasoning that when defendant deposited his funds as security the law presumed that the same were his, that the court may not entertain the petition of a third person to vary such presumption, that the property of defendant is subject to execution for the enforcement of the judgment, it follows that the bonds deposited are subject to be applied to the payment of the fine."

That the rule stated in the Widen case was the generally accepted one is indicated by the statement of the general rule in Annotation, 7 A.L.R. 389: "In jurisdictions where, by statute, a deposit of money may be made in lieu of bail in criminal cases, the decisions are unanimous in holding that a fine imposed on the accused may be satisfied from the cash deposit; and this is true, although the money has been furnished by a third person." [2] Cy-

---

[2] It must be noted that all the cases there cited in support of this rule were decided in states where, by statute, cash deposits in lieu of bail were made available for the payment of fines imposed on the accused. See, for example, People ex rel.

clopedia of Federal Procedure (2d Ed.) § 3973, also states categorically that, "Accused has the right to deposit in cash the amount of bail required, instead of giving a bail bond. Such cash bail is subject to payment of a fine." (Citing the Widen and Werner cases.)

Two Courts of Appeals have recently refused to permit the application of cash or Treasury Bonds on deposit to the payment of fines. In Heine v. United States, 135 F.2d 914, the Court of Appeals for the Sixth Circuit followed the ruling of the Supreme Court of Michigan in Isbell v. Bay Circuit Judge, 215 Mich. 364, 183 N.W. 721, that a statute merely providing for the use of cash in lieu of bonds or bail, but not specifically providing for the appropriation of such cash for the payment of fines did not authorize the application of a fund deposited in lieu of bail to payment of a fine. The fund involved in the Isbell case in fact belonged to a third party, although the decision does not rest on that. The same result was reached by the District Court, S. D. of N. Y. in the case, United States v. Davis, 47. F.Supp. 176, affirmed on the opinion below, 135 F.2d 1013. The court refused to follow the Werner case and held that the Federal statutes (6 U.S.C.A. § 15 and 18 U.S.C.A. § 591) did not authorize the application of money deposited by a third party to the payment of fines.

While both of these cases reject the earlier accepted theory as to the use of cash or bonds deposited in lieu of bail, the facts involved are significantly different from those of the case at bar. In both, the cash or bonds were deposited to qualify a surety who signed the appearance bond as surety, with the defendant as principal. Hence, in neither case was the party claiming the fund a stranger to the record, as in the Widen case and the case at bar. In commenting on the theory of the Government that the cash deposit must be conclusively presumed to be the property of the accused and therefore subject to payment of the fine against him, the court said in the Heine case [135 F.2d 917], "The difficulty with this proposition is, that the District Court found upon undisputed facts that the deposit was advanced by the sureties from their own funds and from money they had borrowed. There can be no presumption contrary to an undisputed fact. The fact negatives the presumption."

The case before us is not one involving the deposit of cash by a surety as collateral on a bail bond signed by herself as surety for the appearance of the principal. Indeed we are confronted with a rather strange situation here in that, while in her brief and oral argument appellant constantly refers to herself as surety and owner of the money, in her verified petition she nowhere asserts that it was her money which she furnished for the bail, confining herself to the statement under oath that the money did not belong to Abrassart or to any of the defendants with whom he was indicted. True, she sets up that she holds the receipt of the United States Commissioner and the Western Union Telegraph Company for the $2500, but such instruments do not furnish proof of title, in the absence of even an allegation of ownership in the verified petition. Since appellant's name does not appear on the recognizance either as surety or otherwise, the reference to her by the United States Commissioner as surety is of no avail.

We find no error in the denial by the District Court of the petition of appellant for the recovery of money deposited for the bail of Abrassart, and the order is, therefore, affirmed.

Gilbert v. Laidlaw, 102 N.Y. 588, 7 N.E. 910; State v. Wisnewski, 134 Wis. 497, 114 N.W. 1113; State v. Ross, 100 Tenn. 303, 45 S.W. 673; LaPorte v. Williams, 17 Cal.App. 428, 120 P. 55; Wright & Taylor v. Dougherty, 138 Iowa 195, 115 N.W. 908. Neither the Illinois nor the Federal statutes contain such provision. See Ill. R. S. 1943, Chap. 38, §§ 612, 615; 18 U.S.C.A. § 591, 6 U.S.C.A. § 15.