**UNITED STATES of America,
Plaintiff,**

**v.**

**Maryann WEISSMAN and Key Martin,
Defendants.**

**Crim. No. 67–172.**

United States District Court
W. D. Oklahoma.

March 8, 1968.

## OPINION

BOHANON, District Judge.

Maryann Weissman and Key Martin were convicted on the 25th day of August, 1967, after a jury trial, of a violation of Title 18 United States Code, Section 1382, and each of said defendants was sentenced to six months on a one count information and fined the sum of $500.00 on the one count information. From the judgment and sentence each defendant appealed to the Court of Appeals and the judgment and sentence of each defendant was affirmed.

On November 2, 1967, the defendants filed separate appeal bonds in the amount of $1,000 cash, pending appeal of the

judgment to the Tenth Circuit Court of Appeals. The defendants are now in custody under the judgment and sentence above mentioned. The fine of $500.00 as to each defendant has not been paid.

The United States Attorney has filed in this cause motion to recover the fine assessed against each of said defendants from the appeal bond money deposited with the Clerk of this Court. Counsel for said defendants by letter dated February 19, 1968 were advised by the Clerk of this Court that the defendants would have ten (10) days from February 19, 1968 to file a response to the motion of the United States to recover the fine from the appeal bond. No response has been filed.

The question presented is whether the deposits made by the defendants for bonds, pending appeal, may be used to the extent necessary, to pay the fine imposed upon each of the defendants.

In United States v. Widen, et al. (District Court, N.D. Illinois E.D.) 38 F.2d 517, the Court had before it a similar situation. In the Widen case one Greenburg deposited bonds guaranteeing the appearance of the defendant and filed a motion after the defendant was placed in jail, but before his fine of $200.00 had been paid, stating that the bonds were in fact the property of the said Greenburg and he asked that the bonds be surrenderd to him. The government objected to this procedure and the case was set for hearing. In disposing of the question after hearing, the Court said:

"It is generally held also that where money or similar property has been so deposited by the defendant as security for his appearance, in view of the fact that the court may issue an execution to recover the fine and levy upon the money or chose in action deposited to satisfy the judgment of the court, the court may direct that the fine be paid out of the funds so deposited. (citing cases)

"Thus, upon the reasoning that when defendant deposited his funds as security the law presumed the same were his, that the court may not entertain the petition of a third person to vary such presumption, that the property of the defendant is subject to execution for the enforcement of the judgment, it follows that the bonds deposited are subject to be applied to the payment of the fine. Indeed, counsel for petitioner concede that if the court must hold that the bonds were the property of the defendant, the government may, by proper procedure, enforce payment of the fine out of the same."

In United States v. Werner (District Court, N.D.Okl.) 47 F.2d 351, citing Whiteaker v. State, 31 Okl. 65; 119 P. 1003,

"it was held that the cash deposit in lieu of bail would be conclusively presumed to be the money of the defendant and treated accordingly. This rule seems to be supported by the weight of authority (citing cases)

'Where the law permits deposit of money or its equivalent as security for bail, as does Rev.St. § 1014 (18 U.S.C.A. § 591), bail money deposited for defendant by third person becomes defendant's money for all purposes of deposit, especially when depositor is a stranger to record; conclusive presumption being that deposit is personal one of defendant and recoverable only by him, not by his surety.' "

In Rudd v. United States (Court of Appeals, 7th Circuit) 138 F.2d 745, the syllabus of the court is as follows:

"Fines against the defendant could be deducted from cash bail deposited when defendant executed recognizance for appearance before the United States court, where claimant's name did not appear on the recognizance either as surety or otherwise, notwithstanding reference to her, as surety by United States Commissioner."

Based upon the foregoing authorities, the motion of the United States will be sustained. The Clerk of the Court will be directed to satisfy the judgment and fine against each of the defendants out of the funds deposited as bail. The remainder of the fund to be held subject to the further order of the Court.